28 C.C.P.A. (Patents)

## DWINELL–WRIGHT CO. v. GUNDLACH.

### Patent Appeals No. 4518.

Court of Customs and Patent Appeals.

July 2, 1941.

Mason, Fenwick & Lawrence, of Washington, D. C., for appellant.

Herbert J. Jacobi, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition and holding that appellee was entitled to register the trade-mark "White House" for use on ice cream.

In its application for registration appellee stated that it had used its trademark on its goods since February 1, 1923.

Appellant is the owner of trade-mark registrations Nos. 77,624 and 77,625, issued April 26, 1910, for the words "White House" in association with a pictorial representation of a white house for use on tea and coffee, respectively, the words "White House" being the dominant feature of appellant's marks.

The marks of the parties being substantially identical and appellant being the prior user of the words "White House" as a trade-mark, the sole issue in the case is whether the goods of the respective parties possess the same descriptive properties within the purview of the confusion-in-trade clause of section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S. C.A. § 85.

The tribunals of the Patent Office concurred in holding that the goods of the parties—tea and coffee on the one hand and ice cream on the other—were not goods of the same descriptive properties; that appellee was entitled to register its "White House" trade-mark for use on ice cream, and, accordingly, dismissed appellant's notice of opposition.

It appears from the record that appellant has advertised and sold its goods— tea and coffee—under its trade-mark throughout the United States; that its coffee is sold both in tins and in paper cartons; that its tea is sold in paper cartons; that it and its predecessor have expended approximately $4,000,000 in advertising its goods and its trade-mark; and that appellant has received in the neighborhood of 30,000 letters addressed "White House Coffee, Boston, Mass." It further appears from the record that coffee, tea, and ice cream are food products and are sold in the same stores to the same class of people for relatively moderate prices; that although appellant's tea and coffee are always sold to the retail trade in package form, ice cream is not always so sold; that coffee is frequently used as a flavoring for ice cream; and that coffee-flavored ice cream is known as "coffee ice cream."

In the case of White House Milk Products Co., etc., v. Dwinell-Wright Co., 111 F.2d 490, 27 C.C.P.A., Patents, 1194, we held that canned milk and tea and coffee possessed the same descriptive properties.

In the case of California Packing Corporation v. Tillman & Bendel, Inc., 40 F. 2d 108, 17 C.C.P.A., Patents, 1048, we held that coffee and fruits and vegetables (canned, dried, and preserved), pork and beans, relishes, sauces, etc., possessed the same descriptive properties.

If, as held in the case of White House Milk Products Co., etc. v. Dwinell-Wright Co., supra, tea and coffee possess the same descriptive properties as milk, it would be rather far-fetched to hold that ice cream, consisting mainly of milk and cream (flavored and frozen), does not possess the same descriptive properties as tea and coffee, particularly in view of the fact that it is frequently flavored with coffee and, when so flavored, is known as "coffee ice cream."

If appellee is entitled to register the "White House" mark for use on ice cream, it, of course, would have the right, so far as registration is concerned, to advertise "White House Coffee Ice Cream," which advertisement obviously would indicate to the purchasing public that "White House Coffee" and "White House Coffee Ice Cream" originated in appellant.

We have given careful consideration to the decisions of the Patent Office tribunals and to the arguments presented here by counsel for appellee, but are of opinion that tea and coffee on the one hand and ice cream on the other possess the same descriptive properties; that the marks of the respective parties are confusingly similar; that appellee is not entitled to register its mark; and that appellant's notice of opposition should have been sustained.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.