39 C.C.P.A.(Patents)

## HY–V CO., Inc. v. CAMPBELL SOUP CO.

### Patent Appeals No. 5830.

United States Court of Customs and Patent Appeals.

Dec. 18, 1951.

Johnson and Worley, Judges, dissented.

Thomas L. Mead, Jr., William E. Schuyler, Jr., and Francis C. Browne, Washington, D. C. (Jewett, Mead, Browne & Schuyler, Washington, D. C., of counsel), for appellant.

Watson, Johnson, Leavenworth & Blair, New York City (Ellis W. Leavenworth, Leslie D. Taggart, and Tracy R. V. Fike, New York City, of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, affirming that of the Examiner of Interferences

in a trade-mark opposition proceeding, 86 U.S.P.Q. 217.

March 12, 1947, appellant, Hy-V Company, filed its application, serial No. 518,889 in the Patent Office for the registration, under the Trade-Mark Registration Act of 1905, now 15 U.S.C.A. § 1051 et seq., of the notation "hyV" as a trade-mark for "canned fruit juices for food purposes," continuous use of the mark being alleged "since January 7, 1947."

April 28, 1948, appellee, Campbell Soup Company, filed notice of opposition to the registration so sought. In the notice appellee alleged ownership and use by itself and predecessors in business of two registered trade-marks, the first being the notation "V-8" for a "combination of eight vegetable juices," which was registered in the name of New England Products, Inc., January 25, 1938, upon an application, serial No. 397,587, filed September 20, 1937, and the second being the same notation registered in the name of Standard Brands Incorporated as a trade-mark for "canned mixed vegetable juices which may be served cold or used as a soup preparation." The latter mark was registered October 15, 1946, upon an application, serial No. 498,803, filed January 25, 1946.

Appellee's ownership of the registrations by transfers, duly recorded in the Patent Office, is not questioned by appellant, nor was any question raised as to the matter of prior user.

We think the respective marks may be visualized readily from the description of them given in the brief for appellant as follows:

" * * * each of the lower case letters 'h' and 'y' is approximately two-thirds of the height of the letter 'V' and the width of each of the lower case letters 'h' and 'y' is approximately one-half of the width of the letter 'V', the over-all width of the lower case letters 'hy' being approximately equal to the over-all width of the letter 'V' and the over-all height of the letters 'hy' being nearly the same as the height of the letter 'V'. * * *

" * * * [In appellee's mark] the letter 'V' is positioned at a slightly higher level than the numeral '8', the letter 'V' and the numeral '8' being of approximately the same size, separated by a hyphen, and shown in *two* dimensions; * * *. (Italics quoted.)

From the descriptions so given it is obvious to an observer, whether he be a careful observer or a casual observer, that the letter "V" as arranged in both marks constitutes the conspicuous feature of each.

So far as the goods of the respective parties are concerned—that is, the "canned fruit juices for food purposes" of appellant, and the (1) "combination of eight vegetable juices" and (2) "canned mixed vegetable juices which may be served cold or used as a soup preparation" of appellee—we regard them as goods having the same descriptive properties in the sense of the registration statute as the phrase "same descriptive properties" has been construed so often by this and other courts.

We think there was no error in the decisions sustaining the opposition and the decision appealed from is affirmed.

Affirmed.

JOHNSON and WORLEY, JJ.. dissent.