47 CCPA

**CREAM WIPT FOODS, INC., Appellant,**

v.

**GENERAL FOODS CORPORATION, Appellee.**

Patent Appeal No. 6561.

United States Court of Customs and Patent Appeals.

May 24, 1960.

Denny & Denny, Philadelphia, Pa. (Joseph G. Denny, III, Philadelphia, Pa., of counsel), for appellant.

Mack & Brown, Francis C. Browne, Washington, D. C., Frederick F. Mack (Gordon R. Brown of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board of the United States Patent Office dismissing oppositions by appellant to two applications by appellee for registration of "Dream Whip" as a trademark for a mix for use in making puddings, sauces, and toppings, and a dessert topping mix, respectively. The oppositions were based on prior registration and use by appellant of "Cream Wipt" as a trademark for salad dressings containing cream, and of "Saladream" for a blend of mayonnaise and whipped cream. Appellant's priority is not questioned, thus the sole issue is whether the similarities between the marks and goods of the parties are such that concurrent use would result in a likelihood of confusion within the meaning of section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052.

The board found that "Considering the differences between the marks, together with the specific differences between the goods," confusion in trade would be unlikely.

While the goods of the respective parties are not identical, absolute identity is not essential to a likelihood of confusion. They are closely related food products which are normally marketed through the same stores, in generally similar containers, and both are intended to be added to or mixed with other foods. We think it clear, therefore, that they are products which might well be expected to emanate from the same source. See Dwinell-Wright Co. v. Grundlach, Etc., 121 F.2d 639, 28 CCPA 1348, Roddenbery Co. v. Kalich, 158 F.2d 289, 34 CCPA 745, Hy-V Company, Inc. v. Campbell Soup Company, 193 F.2d 338, 39 CCPA 777, and cases there cited.

Regarding the marks "Dream Whip" and "Cream Wipt," the final words "Whip" and "Wipt" are much the same in meaning and quite similar in both sound and appearance. The initial words "Dream" and "Cream" are identical except for the first letter, and bear a close resemblance in sound and appearance, although they differ in meaning. In our opinion, when the marks are considered in their entireties, the similari-

[1]. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CON-* *NELL*, pursuant to provisions of Section 294(d), Title 28, United States Code.

ties outweigh the dissimilarities to such a degree that we think confusion in trade would be likely to result if they were applied by the parties to their respective goods.

In view of our conclusion it is unnecessary to determine whether the evidence as to alleged instances of actual confusion is or is not hearsay. Neither is it necessary to consider opposer's mark "Saladream."

The decision of the Trademark Trial and Appeal Board is reversed.

Reversed.