49 CCPA

## ROMAN MEAL COMPANY, Appellant,

v.

## ROMAN CREST FOODS, INC., Appellee.

Patent Appeal No. 6785.

United States Court of Customs and Patent Appeals.

April 11, 1962.

John B. Hosty, Chicago, Ill., for appellant.

William F. Nickel, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges.

SMITH, Judge.

Opposer-appellant appealed from the decision of the Trademark Trial and Appeal Board (128 USPQ 203), which dismissed the opposition instituted by appellant against appellee's application for registration Ser. No. 47,284, filed

March 7, 1958 for a composite mark consisting of the name "Roman Crest" in association with the representation of a head of a Roman soldier. The opposition was based upon opposer's prior registrations [1] of marks in which the words "Roman" and "Roman Meal" are used either alone or with a pictorial representation of a Roman soldier.

■ The marks of the respective parties to this proceeding are composite trademarks in the sense that they consist of both word marks and a design. While the marks must be considered in their respective entireties, it appears that the dominant and distinguishing feature of both marks is the word "Roman", associated, in the case of applicant, with the representation of the head portion only of a Roman soldier, and in the case of opposer with the full length representation of a Roman soldier. Applicant's mark and one of appellant's registered marks are here reproduced.

## Applicant's Mark

Appellant's Reg. No. 251,517

The goods on which the respective parties use their marks are food products. Appellant's registrations list its goods as:

1) A cereal compound intended to be taken at meals for its nutritive, digestive, and therapeutic properties (Reg. 142,895),

2) Cereal breakfast food, bread, biscuits, cookies and crackers (Reg. 251,-517),

3) Bread, biscuits, cookies and crackers (Reg. 569,545), and

1. Reg. No. 251,517, issued Jan. 8, 1929, renewed Jan. 8, 1949; Reg. No. 569,545, issued Jan. 20, 1953; Reg. No. 571,085, issued Feb. 24, 1953; and Reg. No. 142,-895, issued May 17, 1921.

4) A cereal food consisting of a blend of wheat, rye, brand, and flax, for use as a breakfast cereal or for use in baking or other forms of cooking (Reg. 571,085).

Applicant lists its goods in its application for registration as: "Fresh Garlic, Olives, Dry Mushrooms, Dried Figs, Peeled Tomatoes, Tomato Paste, Unshelled Chestnuts and Fresh Fruits and Vegetables."

Appellee has filed no brief and neither party appeared for oral argument. Neither party took testimony. Our resolution of the sole issue of likelihood of confusion, mistake or deception of purchasers, under section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d), is, therefore, based upon appellant's brief and upon a consideration of the marks shown and the goods recited in opposer's registrations and in applicant's application for registration.

The present record shows that opposer is the prior user and registrant of marks in which the word "Roman" is used in association with a pictorial representation of a Roman soldier as a trademark for food products.

■ In resolving the issue presented, we also are taking judicial notice of modern merchandising practices under which the products of the respective parties would be sold in supermarkets to a common class of purchasers. Such supermarkets offer the purchaser the opportunity to make a personal selection from an array of goods displayed on the display shelves and counters of the supermarket. Related goods usually are displayed together and in relatively close proximity to other goods offered for sale.

While it is unlikely that the average purchaser of goods in a supermarket actively associates a trademark with a particular entity as the source or origin of the goods, such a purchaser confronted with making a selection from the literally thousands of separate items is particularly responsive to the ready identification of particular goods by the marks displayed thereon. The marks in issue look alike, sound alike and suggest the same mental associations to the extent that a purchaser of opposer's goods on which the name "Roman," associated with the figure of a Roman soldier, is likely to think that applicant's goods on which he also sees the name "Roman" associated with another pictorial representation of a Roman soldier, came from a common source.

■ We agree, therefore, with the statement in appellant's brief, that:

"While both designs cover different representations of a Roman soldier, the Appellant displaying a full-length figure, and the Appellee a representation of a head, the psychological association of the marks in their entireties is about the same. As a rule, purchasers of inexpensive food items sold in a mass market do not have clear recollections as to the details of a design mark.

"The average purchaser would probably recall that the label had an illustration of a Roman soldier. Whether the design of the soldier was full-length or half-length would probably make little difference as long as the design was associated with the word 'ROMAN'. It is the word 'ROMAN' in association with a design of a Roman soldier that would identify the origin of the products as far as the average purchaser is concerned."

The record here indicates that opposer was the prior user of the mark in which the word "Roman" was associated with the pictorial representation of a Roman soldier. The pictorial representation serves to emphasize the word "Roman" in the mark in that it conveys a visual as well as a word image to the mind of the purchaser. We think it likely that applicant's composite mark, adopted considerably later than the marks of opposer, will suggest to the average purchaser of food products in a supermarket that applicant's goods, so marked, originate from the same source as the goods of opposer. To the extent this occurs, there is a likelihood of confusion, mistake or deception of the purchaser resulting in

the transferrence of a portion of the good will which opposer as the prior user and registrant is entitled to protect.

While the marks in issue contain other words, e. g. "Meal" in opposer's marks and "Crest" in applicant's mark, we doubt that these verbal differences are sufficient to distinguish the marks. Similarly, the specific differences in the pictorial portions of the respective marks do not seem to us to be sufficient to overcome the similarities of the marks.

Since we find confusion, mistake or deception of purchasers to be likely under the circumstances here presented, we *reverse* the decision of the Trademark Trial and Appeal Board.

Reversed

WORLEY, Chief Judge (dissenting).

The board was clearly correct in dismissing the opposition. I would affirm.