

Samuel B. Smith, Merriam, Smith & Marshall, Chicago, Ill., J. Harold Kilcoyne, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

50 CCPA

**Application of J. F. MARR COMPANY, Inc.**

**Patent Appeal No. 6871.**

United States Court of Customs and Patent Appeals.

Jan. 16, 1963.

SMITH, Judge.

Appellant has appealed from a decision of the Trademark Trial and Appeal Board which affirmed the rejection of its application [1] for the registration of the composite mark reproduced below, for electrical lamps. The board (at 130 USPQ 485) affirmed the examiner's rejection [2] based on the composite mark,

1. Ser. No. 58,106, filed Aug. 29, 1958.

2. The Trademark Trial and Appeal Board also affirmed the refusal of registration by the Examiner of Trademarks on the

ground of likelihood of confusión with the mark of Registration No. 602,723. Since Registration No. 602,723 was cancelled on March 2, 1962, the refusal based thereon is now moot.

which is also reproduced below, of Registration No. 234,588 granted Nov. 1, 1927, renewed Nov. 1, 1947, for "Electrical Lamps, Torcheres and Candelabra."

Since appellant's mark and the mark of Reg. No. 234,588 are for identical goods, namely electrical lamps, the only issue is whether or not the marks are so similar that confusion, mistake, or deception of purchasers is likely.

The drawings of the appealed application and of the reference registration show the respective composite marks as follows:

Applicant

Reference Registration

Appellant contends that the differences between "Marcrest" and "Crest" and between the coats of arms in the background designs of the respective marks are sufficient to make confusion, mistake, or deception of purchasers unlikely. In making this contention, appellant relies on differences in the marks based on a detailed side-by-side comparison of the respective coats of arms of the marks and points out some similarity and much dissimilarity of detail. But, as the Trademark Trial and Appeal Board noted, side-by-side comparison is not the test. Rex Shoe Company, Inc. v. The Juvenile Shoe Corporation of America, 273 F.2d 179, 47 CCPA 748. We think it quite unlikely that ordinary purchasers of electrical lamps see the competitive goods and marks in juxtaposition. They are more likely, we think, to have some vague recollection of a previously encountered mark on the basis of which, confrontation by the other mark creates a false impression of common origin of the goods.

Appellant has discussed at some length the significance of differences in heraldic designs or escutcheons from the point of view of experts in heraldry.[3] But there

3. These differences are set forth in appellant's brief as follows:

"This application for registration sets forth an escutcheon of highly unique characteristics. The escutcheon consists of a shield shaped field with a diagonal stripe in the nature of a bar sinister extending from the upper left hand corner to the lower right edge across the field to divide it into substantially equal parts. Aligned swords are placed in the lower part of the field. Additional swords, triangularly placed, are found in the upper part of the field. Atop the shield is a

is no evidence in the record that the ordinary purchasers of electrical lamps are likely to be experts in heraldry or to have sufficient interest in heraldry that they would pay particular attention to the details of an heraldic design.

Appellant also has urged a distinction between the word portions "Marcrest" and "Crest". The term "crest," according to Websters Third New International Dictionary, unabridged, 1961, includes numerous definitions thereof including "an escutcheon of arms" and "a complete coat of arms—not used technically." The same dictionary includes numerous definitions of "escutcheon", including "coat of arms" and "a decorative device or emblem resembling a coat of arms". Accordingly, the word "crest", as it appears in the mark of Registration No. 234,588, means "a coat of arms" and is used in an arbitrary sense with respect to its use of electrical lamps.

In appellant's mark, the crest (or coat of arms) background design serves to emphasize the word "crest" in the composite "Marcrest". Roman Meal Co. v. Roman Crest Foods, Inc., 300 F.2d 926, 49 CCPA 980. Here as in the Roman Meal case, the word portions of the marks are significant aspects of the marks. Appellant's mark prominently incorporates registrant's word "crest" and also the concept of a background involving a "crest" or "coat of arms". There is thus dual similarity.

While the design portions of the marks in issue relate to different coats of arms,

we think the psychological impressions created by the marks on the average purchaser of electrical lamps would necessarily be about the same. As a rule, such purchasers do not have such clear recollections as to the details of a design mark that they could distinguish in the market place the design portions of the two marks.

We think the average purchaser would probably recall that the label had an illustration of a coat of arms but that whether its "crest" portion was a crown or a griffin would make little difference as long as the design was associated with the word "Crest." It is the word "Crest" in association with a coat of arms design which we think would identify the origin of the products as far as the average purchaser is concerned.

▇ While the word portions of the marks in issue, "Marcrest" and "Crest" are different, these verbal differences do not seem to us to be sufficient to distinguish the marks. Similarly, the specific differences in the pictorial portions of the respective marks do not seem to us to be sufficient to overcome the similarities of the marks. When the marks are then considered in their entireties, the totality of the impressions created in the minds of the average purchasers would, we think, be likely to cause confusion, mistake or deception of purchasers. We therefore *affirm* the decision of the Trademark Trial and Appeal Board.

Affirmed.

helmet with a breast plate or mantle. Each of the helmet and the sides of the shield or escutcheon are outline-accentuated, and more or less framed by a design much in the form of an acanthus leaf. The entire configuration is topped by a crown which at once suggests a regal characteristic. Beneath the complete unique and significant design a scroll, on which the word 'Marcrest' appears, outlines the lower portion and sets out appellant's brand name.

 \*   \*   \*   \*   \*

"If prior Registration No. 234,588 be carefully considered, it will be seen that this too is an escutcheon, but the escutch-

eon is topped by a griffin. This creature of fable is of substantially the same size as the escutcheon itself. It is practically the most prominent part of the design. While indeed there is a band or stripe in the nature of a bar sinister that extends across the shield portion, this band is interrupted and divided by a scroll which substantially bisects the shield and the bank. The word 'Crest' is centered on the dividing strip or band. Further than this, the shield has what appears to be a scale and hammer crossed in one corner and a torch in the other corner. The designs are highly different."