55 CCPA

**SHAWNEE MILLING COMPANY,**
**Appellant,**

v.

**SIDNEY WANZER & SONS, INC., d.b.a.**
**Wanzer's, Appellee.**

**Patent Appeal No. 7926.**

United States Court of Customs
and Patent Appeals.

March 14, 1968.

Robert G. McMorrow, Atkins, Law & McMorrow, Washington, D. C., for appellant.

Lawrence W. Brugman, Horton, Davis & McCaleb, Chicago, Ill., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

ALMOND, Judge.

Sidney Wanzer & Sons, trading as Wanzer's (appellee), filed application to register "SILVER SPOON" for ice cream,[1] alleging use since May 22, 1963. Shawnee Milling Company (appellant) filed notice of opposition alleging use and registration of "SILVER SPOON" for wheat flour [2] and asserting that the marketing of ice cream and wheat flour under the identical mark is likely to cause confusion, mistake or deception in trade within the purview of section 2(d) of the Trademark Act of 1946.

The record discloses the testimony of two witnesses on behalf of appellee. The appellant took no testimony and made no appearance for the purpose of cross-examination, relying only on the allegations of its notice of opposition and its pleaded prior registration. Prior use is not in issue, concededly residing in appellant. The only issue presented for resolution is whether or not wheat flour and ice cream are of such nature that their sale under the identical mark SILVER SPOON is likely to cause confusion under section 2(d), supra.

The testimony of two witnesses was adduced by appellee. Neither of the witnesses was related by employment or otherwise to the parties. One witness had long experience in the field of flour milling and the other had many years of familiarity and close contact with the sale and manufacture of ice cream. Both witnesses expressed their personal opinion

---

1. Serial No. 172,535 filed July 5, 1963.

2. Reg. No. 537,707 issued February 13, 1951 to a predecessor.

that they could not visualize any likelihood of confusion if the mark were used on the two types of goods in question.

After a review of the factual aspects of the testimony of record, aside from the opinions expressed by these witnesses, the Trademark Trial and Appeal Board, in an opinion published at 149 USPQ 900, concluded that:

> Ice cream is a highly perishable product requiring constant refrigeration. Wheat flour is a stable product sold on an open shelf, and is generally utilized in the production of finished food products. Products in these categories pertain to unrelated fields of production, and are distributed and marketed under dissimilar conditions, even though they may be frequently sold through the same retail food establishments. There is, moreover, well qualified and uncontradicted testimony that producers of flour do not ordinarily produce or in any way engage in the marketing of ice cream. Accordingly, it is concluded upon the record presented that there would be no reason to assume or believe that such different goods would be attributed to the same source or that the manufacturer of one in any way sponsored the other.

We have previously had occasion to consider the use of the same or similar marks on various food products. Where we have found it likely that the public would associate the two types of products involved and have some basis for assuming that a single manufacturer might be the source of both products, we have denied registration. See Cream Wipt Foods, Inc. v. General Foods Corp., 278 F.2d 521, 47 CCPA 968; and cases cited therein.

We have, for example, denied registration of the mark WHITE HOUSE for ice cream in view of registration of the identical mark for tea and coffee. Dwinell-Wright Co. v. Gundlach, 121 F.2d 639, 28 CCPA 1348. We have denied registration of a mark for *fresh* vegetables when a *similar* mark was in use for syrup, relish, pickles, and peanut butter.

W. B. Roddenbery Co. v. Kalich, 158 F.2d 289, 34 CCPA 745.

Our previous decisions have recognized that diversification and consolidation of food manufacturing and distributing companies often lead to widely diversified products being distributed by the same company.

The expert testimony in this case indicates that businessmen familiar with the food processing industry would realize that ice cream and wheat flour are not generally made by the same company. But the vast majority of shoppers are not aware of such a distinction of product lines. If they were to see SILVER SPOON flour on one shelf and SILVER SPOON ice cream around the corner in a freezer, it seems more than likely that many of them would ascribe a common sponsorship.

The decision of the Trademark Trial and Appeal Board is, therefore, reversed.

Reversed.