56 CCPA

**Application of UNITED BISCUIT COM-PANY OF AMERICA.**

**Patent Appeal No. 8046.**

United States Court of Customs and Patent Appeals.

Dec. 19, 1968.

Bair, Freeman & Molinare, A. W. Molinare, Chicago, Ill. (Robert C. Williams, Chicago, Ill., of counsel) for appellant.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN, KIRK-PATRICK,* Judges.

WORLEY, Chief Judge.

United Biscuit seeks registration of "CHERIE" for cookies, specifically sug-

*Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

ar wafers. The examiner and Trademark Trial and Appeal Board [1] refused registration, holding that mark to be likely, when applied to applicant's goods, to cause confusion, or to cause mistake, or to deceive in view of the prior use and registration of "CHERRY CHERIE" [2] for ice cream.

In support of its argument here that the board committed reversible error, appellant stresses that its cookies are a "dry bakery" product while ice cream is a refrigerated and perishable product, and that there are decided differences in the manufacture, distribution and display of the respective products.

Granted the truth of the allegations dealing with the production, distribution or display of the sugar wafers and ice cream, respectively, the board held that:

* * * Regardless of these distinctions, it appears to be well settled that when food items of the type here involved are sold under the substantially identical marks there would [be] a likelihood of confusion as to source. See: Goldenrod Ice Cream Company v. Louisville Pecan Company [305 F. 2d 473, 49 CCPA 1194] (1962); Roman Meal Company v. Roman Crest Foods, Inc., [300 F.2d 926, 49 CCPA 980] (1962); and Drake Bakeries Incorporated v. Carnation Company, 136 USPQ 555 (TT&A Bd., 1963). * * *

We have examined the H. P. Hood & Sons, Inc. v. United Biscuit Company, 121 USPQ 45 (TT&A Bd., 1959) decision relied on by appellant, but agree with the Board that that holding is hardly controlling in view of the cited decisions of this court to the contrary relied on by the board. See also Shawnee Milling Co. v. Sidney Wanzer & Sons, Inc., 390 F.2d 1002, 55 CCPA 957. Even aside from those decisions, we think the facts of record here amply support the board's action, which is hereby affirmed.

Affirmed.

1. Reported at 150 USPQ 696.

2. Reg. No. 716,585, issued June 6, 1961.