58 CCPA

The MORRISON MILLING COMPANY

v.

GENERAL MILLS, INC.

Patent Appeal No. 8385.

United States Court of Customs and Patent Appeals.

Feb. 11, 1971.

Robert G. McMorrow, Washington, D. C., attorney of record, for appellant.

Harold D. Jastram, Minneapolis, Minn., for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

RE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board[1] sustaining an opposition by General Mills, Inc. to an application [2] by The Morrison Milling Company to register the following mark for prepared corn bread mix:

**MORRISON'S**

**corn-kits**

LA3619]

General Mills' opposition is predicated on ownership and prior use of its registered trademarks "Kix"[3] and "Corn Kix"[4] for "Cereal Food Products, Particularly Breakfast Cereal." General Mills contends that it would be damaged by the registration sought by Morrison because, in its view, "Morrison's Corn-Kits" so resembles its registered marks "Kix" and "Corn Kix" as to be likely, when applied to Morrison's goods, "to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d).

The board agreed, stating:

There is no question as to priority of use and, despite applicant's urgings to the contrary, the products here involved are closely related in kind since they are all packaged food products which would be distributed through the same stores to the same class of purchasers. Under the circumstances, purchasers thereof may well consider such products as emanating from a common source [5] were they to be marketed under the same or confusingly similar marks. See: Roman Meal Company v. Roman Crest Food [Foods], Inc., [49 CCPA 980, 300 F.

2d 926] 133 USPQ 202 (CCPA, 1962); and Goldenrod Ice Cream Company v. Louisville Pecan Company, [49 CCPA 1194, 305 F.2d 473] 134 USPQ 255 (CCPA, 1962).

\*    \*    \*    \*    \*    \*

Applicant urges that the only element the marks possess in common is the generic word "CORN" since "KITS" and "KIX" differ in both appearance and connotation and, in addition, the addition of the surname "MORRISON'S" to applicant's mark clearly distinguishes the marks of the parties when considered in their entireties. We cannot agree with applicant that the marks only possess the generic word "corn" in common since, in our opinion, "CORN-KITS" and "CORN KIX" are substantially similar in sound and appearance. Moreover, while the marks must be considered in their entireties, "CORN-KITS" is a separable, conspicuous and visually the most prominent element of applicant's mark (See: Roman Meal Company v. Roman Crest Foods, Inc., supra); and, in the present instance, the mere addition of applicant's housemark cannot serve to distinguish it from opposer's "CORN-KIX". See: Celanese Corporation of America v. E. I. du Pont de Nemours & Company [33 CCPA 857, 154 F.2d 143], 69 USPQ 69 (CCPA, 1946).

Initially, as appellant points out, this is not a case of potential product confusion, notwithstanding superficial similarities in the marks. Even were the marks identical, purchasers would not likely confuse the goods, or mistakenly accept a prepared corn bread mix in anticipation of getting a breakfast cereal.

1.  Reported at 157 USPQ 532.

2.  Serial No. 229,540, filed Oct. 7, 1965 and asserting first use in August 1965.

3.  Reg. No. 351,860, issued Nov. 9, 1937.

4.  Reg. No. 354,326, issued Feb. 8, 1938.

5.  The board earlier had noted that General Mills manufactures, in addition to its cereal food line, a corn muffin mix, although the latter product is marketed under a different trademark than those here involved. The record also shows that at one time in its history Morrison manufactured breakfast cereals, although it does not do so now.

Turning, then, to a comparison of the marks, we cannot agree with the board that the marks so resemble each other that confusion or mistake as to the origin of the goods is likely. While it is true that "Kits" and "Kix," or "Corn-Kits" and "Corn Kix," are somewhat similar in sound and appearance, they nevertheless possess entirely different connotations. "Kix" or "Corn Kix" itself is arbitrary, having no well defined meaning. "Kits" or "Corn-Kits," on the other hand, is suggestive of the packaging and form of appellant's product—a handy "kit" from which one can easily prepare corn muffins or corn bread. Moreover, when one considers that appellant's mark in its entirety is "Morrison's Corn-Kits," we harbor no doubt that consumers would find the respective marks and manufacturers readily distinguishable. Cf. Rockwood Chocolate Co. v. Hoffman Candy Co., 372 F.2d 552, 54 CCPA 1061 (1967). We do not think that the ordinary purchaser, familiar with appellee's "Kix" and "Corn Kix" products and marks, would, upon encountering a product marked "Morrison's Corn-Kits," believe that the products emanated from a common source.

The decision of the board is reversed. Reversed.