23 C.C.P.A.(Patents)

### TETLEY & CO., Inc., v. BAY STATE FISHING CO.

Patent Appeal No. 3595.

Court of Customs and Patent Appeals.
March 23, 1936.

BLAND and HATFIELD, Associate Judges, dissenting.

———◆———

Herbert J. Jacobi and William J. Jacobi, both of Washington, D. C., for appellant.

Roberts, Cushman & Woodberry and Cushman, Darby & Cushman, all of Washington, D. C. (Charles D. Woodberry and Robert L. Thompson, both of Boston, Mass., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee, Bay State Fishing Company, filed its application in the United States Patent Office on January 14, 1933, for registration of a trade-mark used in connection with the sale of "haddock, cod, cusk, hake, pollack, mackerel, butterfish, herring, whiting, flounders, sole, bluefish, and catfish, fresh, frozen, salted, smoked

and in cans." The trade-mark sought to be registered consists of the two words "Budget Special," and is commonly used in a label together with a representation of a fisherman and a fish.

The appellant, Joseph Tetley & Co., Inc., filed notice of opposition to the registration of this mark on April 13, 1933. The grounds of opposition are, in brief, that the appellant has been engaged in the business of selling tea and coffee from a date long prior to January 9, 1933, and that in the sale of such products it has used a trade-mark comprising the words "Tetley Budget Tea," which mark has been used in interstate and foreign commerce; that the appellant caused to be registered on April 4, 1933, its said trademark "Tetley Budget Tea" for tea, having, at the same time, disclaimed the word "Tea" apart from its mark as shown in its application; that the appellant has expended large sums of money in advertising its merchandise and the aforesaid mark, and has created a very material good will for its business.

The opposer-appellant also alleged that the goods of the respective parties were of the same descriptive properties, and that the appellant will be damaged by the registration which is sought by the appellee. It is also alleged that confusion in trade will result. The applicant-appellee answered the notice of opposition, admitting the registration of the opposer's mark, but denying the other allegations of the notice of opposition.

In connection with the application for registration of appellee, a disclaimer was filed in the Patent Office disclaiming the word "Special" apart from the mark shown in the drawing. Both the marks of applicant and opposer are printed in plain block type, without further ornamentation or special features. No evidence was taken by either party. The Examiner of Interferences held that "the difference between the goods when combined with the difference between the marks taken in their entireties, as used by the parties, are sufficient to make it seem that confusion in trade is not reasonably likely." The opposition was dismissed and registration granted. The Commissioner of Patents, on appeal, held that the goods of the parties were not of the same descriptive properties, and further stated, "it might again be stated that the marks also bear substantial dif-

ferences. These differences in the goods, when coupled with the differences in the marks, are deemed fatal to the opposer's case."

The opposer, now the appellant, has appealed from the decision of the Commissioner of Patents.

It must first be considered whether the goods of the parties are of the same descriptive properties. The argument is made that fish in packages, or fresh, are so different in their method of handling and sale and appearance that no purchaser would likely be deceived and confused by their similarity to tea, bearing a similar mark. However, it will be observed that in the appellee's application for registration, the registration is not confined alone to fresh fish or fish in packages, but extends to fish in cans. It is true that counsel for appellee in this court, in their brief, have attempted to disclaim the registration as to the words "in cans" and have attempted to waive any advantage which might be had from those words in appellee's application. We are aware of no practice or statutory provision by which such a disclaimer may be now made in this court. While such a disclaimer might be operative as an estoppel in equity under some circumstances, there is but one method of disclaimer which is effectual as to the proceedings in the Patent Office of which we are aware, and that is by the filing of a disclaimer in that office. No showing is made that this has been done, either by the record or otherwise. We must, therefore, take the application for registration as it appears in the record before us, and, as such, it includes fish in cans.

Fish, generally, are food products, and are commonly sold in stores and delicatessens where tea is also sold. This is especially true of fish in cans, and it is believed that confusion might reasonably result in the mind of the purchaser where canned tea and fish, especially canned fish, were exhibited for sale side by side.

In Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C.C.P.A. (Patents) 1121, we considered a trade-mark consisting of the word "Revere" for use on certain meat products, canned vegetables, canned fish, and other grocery products, registration for which was opposed by the owner of a trade-mark "Revere" used on sugar. We held that

the goods of the parties were of the same descriptive properties, and sustained the opposition.

In California Packing Corporation v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A.(Patents) 1048, coffee was held to be goods of the same descriptive properties as fruits and vegetables, canned, dried, and preserved; pork and beans, pickles, mustard, and sardines. In this connection, see, also, California Packing Corporation v. Halferty, 54 App.D.C. 88, 295 F. 229.

We are of opinion, therefore, that the commissioner is in error in his finding "that fish and tea are not goods of the same descriptive properties."

■ We come next to a consideration of the respective marks of the parties. These marks are "Budget Special" and "Tetley Budget Tea." While the words "Special" in the one mark, and "Tea" in the other, are disclaimed, these words, of course, will appear in the mark as used, and the mark must be considered as a whole. Estate of P. D. Beckwith, Inc., v. Commissioner of Patents, 252 U.S. 538, 545, 40 S.Ct. 414, 64 L.Ed. 705; Parfumerie Roger & Gallet v. M. C. M. Co. (C.C.A.) 24 F.(2d) 698; Parfumerie Roger & Gallet, etc., v. John Wanamaker, 57 App.D.C. 267, 20 F.(2d) 283; Armour & Co. v. Louisville Provision Co. (C.C.A.) 283 F. 42, 46.

In considering the mark of the opposer, the name "Tetley" is to be given as much force and effect as any other part of the mark. Columbia Mill Co. v. Alcorn, 150 U.S. 460, 466, 14 S.Ct. 151, 37 L.Ed. 1144.

A case of particular interest in this connection is John Morrell & Co. v. Hauser Packing Co. (C.C.A.) reported in 20 F.(2d) 713. The two marks in question in that case were "Hauser's Pride," as a brand for a high grade of hams and bacon, and the word "Pride" used in combination, such as "Morrell's Pride," "Morrell's Iowa Pride" and "Morrell's Dakota Pride." The owner of the Morrell mark contended that its actual trade-mark was the word "Pride." The court was of opinion that as the mark was used in a combination of both words, the court would so consider it, giving equal prominence to both words and not ignoring either.

■ In the consideration of the question whether confusion would be likely to re-sult from the registration of the appellee's trade-mark, it is proper to consider the circumstances under which the goods are and will be sold, together with the mark, in determining that question. Although we are of opinion that fish and tea, generally speaking, are goods of the same descriptive properties, especially if the fish are of the canned variety, there is a considerable difference in the character of fish and tea, so that it is likely that less confusion might arise in the sale of these products than if the goods were more closely related, such, for instance, as coffee and tea, or cocoa and tea. The marks applied to these products are such as would lessen the liability of confusion. In the one case, the mark is "Budget Special" upon fish. In the other, it is "Tetley Budget Tea" on a package of tea. The only similarity between these marks is the use of the word "Budget." There is nothing to indicate that any more importance is to be attached to the use of the word "Budget" than to any other part of the mark. In the mark on tea, the certificate of registration shows the name "Tetley" to be composed of larger type than the words "Budget" and "Tea." If more importance is to be given to one word of a mark than another, it would seem, on this account, to be attachable to the word "Tetley."

■ Taking into consideration the differences in the marks and the dissimilarity of the goods on which the respective marks are used, we are of opinion that the registration of the mark "Budget Special" will not be likely to cause confusion or mistake in the mind of the public, and that the appellee is entitled to have its mark registered. The Duro Pump & Mfg. Co. v. Thomas Maddock's Sons Co., 36 F.(2d) 1005, 17 C.C.P.A. (Patents) 785; E. Daltroff & Cie v. V. Vivaudou, Inc., 53 F.(2d) 536, 19 C.C.P.A. (Patents) 715; Vick Chemical Co. v. Central City Chemical Co., 75 F.(2d) 517, 22 C.C.P.A.(Patents) 996, and cases therein cited; Gerstendorfer Bros. v. United Supply Co., 58 App.D.C. 192, 26 F.(2d) 564.

■ The appellee contends that the mark of the appellant, "Tetley Budget Tea," was not entitled to registration, because the word "Budget" was misdescriptive. This is but another way of asserting that the said registration of the appellant is invalid. It has been the unvarying rule

in this court that we will not inquire into this matter in an opposition proceeding. E. Daltroff & Cie v. V. Vivaudou, supra; Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C.C.P.A.(Patents) 842.

The decision of the Commissioner of Patents is affirmed, in so far as it affirms the decision of the Examiner of Interferences in dismissing the opposition, and permitting registration of appellee's mark.

Affirmed.

BLAND and HATFIELD, Associate Judges, dissent.