33 C.C.P.A.(Patents)

## CELANESE CORPORATION OF AMERICA v. E. I. DU PONT DE NEMOURS & CO.

### Patent Appeal No. 5066.

Court of Customs and Patent Appeals.

March 4, 1946.

144

GARRETT, Presiding Judge, dissenting.

See also 154 F.2d 146.

I. Seltzer and C. W. Levinson, both of New York City, for appellant.

Stone, Boyden & Mack, of Washington, D. C. (Wilson C. Baily, of West Chester, Pa., and J. Hanson Boyden, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the First Assistant Commissioner, 61 U. S. P. Q. 193, affirming the decision of the Examiner of Trade-Mark Interferences sustaining the opposition of appellee to the application of appellant filed June 19, 1942, for registration of the word "Clarifoil," printed in capital letters, as a trade-mark for goods described in the application as "Transparent or Translucent Wrapping and Packing Material." The application alleges use of the mark "since June 16, 1942."

In its notice of opposition appellee relies upon its ownership of registration No. 281,471, issued March 17, 1931, upon an application filed November 1, 1930. The registered mark so relied upon is a composite mark consisting of the word "Du Pont" arranged in an oval, below which oval is the notation ."Clar-apel."

It is conceded that the contesting marks are applied to merchandise of the same descriptive properties, and the record discloses that part of the merchandise is substantially identical.

According to the testimony, the merchandise distributed by appellee is a cellulose film widely used as a wrapping material for such products as cigars, cigarettes, and food-stuffs of almost every description; and during normal times a wide line of textiles, trinkets, and things of that sort.

The opposition is based upon that portion of the proviso to section 5(b) of the Trade Mark Act of February 20, 1905, which states: "That trade-marks which * * * so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered." 15 U.S. C. sec. 85(b), 15 U.S.C.A. § 85(b).

Appellant urges that the merchandise is sold exclusively to a discriminating class of purchasers and therefore the marks may be considered dissimilar, even if they would be considered deceptively similar if the product were sold to the general public.

■ The record, however, fails to establish the fact that the merchandise is sold to a discriminating class of purchasers; but, if established, it would not be controlling here if the contested marks so nearly resemble one another as to be likely to cause confusion. See, Schering & Glatz, Inc. v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827.

Moreover, it is true, as stated in the decision of the Examiner of Interferences, that "trade practices in this respect may change and hence the class of purchasers to whom the goods are now sold is not deemed to be a controlling factor herein."

Appellee's mark, as hereinbefore noted, is comprised of the separately displayed words "Du Pont Clar-apel"

■ The Examiner of Trade-Mark Interferences and the First Assistant Commissioner of Patents both correctly held, in accordance with the rule of law laid down and followed by this court, that the addition of the surname "DuPont" to one of two otherwise confusingly similar marks is not of itself sufficient to avoid the likelihood of confusion. Richard Hellman, Inc.

v. Oakford & Fahnestock, 54 F.2d 423, 19 C.C.P.A., Patents, 816; California Prune & Apricot Growers Association v. Dobry Flour Mills, Inc., 101 F.2d 838, 26 C.C.P.A., Patents, 910. See also Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526; Firestone Tire & Rubber Co. v. Montgomery Ward & Co., Inc., 150 F.2d 439, 32 C.C.P.A., Patents, 1074.

In the case last cited, appellant made the distinguishing feature of its corporate name, "Firestone," a part of its trade-mark, "Firestone Air Chief," as appropriated to radios and radio supplies. The name "Firestone," as the reproduction of the mark in the prevailing opinion discloses, is separately displayed and made equally prominent with the other words in the mark. Appellee's mark in that case, upon goods of the same descriptive properties, was "Airline."

Notwithstanding the prominent use of the well known name of "Firestone" and other distinctive portions of appellant's mark, this court in rendering its decision in favor of the appellant disregarded the name of "Firestone" as the dominant portion of the trade-mark and held that—

"* * * the term 'Air Chief' and 'Airline,' considered alone, being the dominant portions of the two marks, are so vastly different in meaning, appearance, and sound as to insure against the probability of confusion."

It is a matter of common knowledge that in the purchase of goods people generally do not stop to scrutinize marks nor retain a vivid recollection of their diversified features. Each of the contested marks, therefore, is to be considered in its entirety and viewed as the general public would view and remember it in making a purchase of the merchandise to which it is attached.

It is clearly apparent, however, that while trade-marks must be considered as a whole in determining the question of similarity, and while the name "Du Pont" may be more conspicuous in appellee's mark than "Clar-apel," nevertheless the public in making purchases of the goods would be likely to remember and use the word "Clar-apel" as indicating origin of the goods. For that reason, "Clar-apel" must be regarded as the dominant portion of appellee's mark. See Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 27 C.C.P.A., Patents, 1189.

The record establishes that more than ten years after the goods had been marketed on an international basis by appellee under its trade-mark, appellant entered the field with the substantially identical product which it sells under its mark "Clarifoil."

The question therefore is whether the word "Clar-apel," the dominant portion of appellee's mark, is confusingly similar to the word "Clarifoil." Both of the contested words are coined; no entry or meaning being attributed to either word in any dictionary reference.

In the brief of appellant it is argued in effect that the contesting marks have only one feature in common, their first syllable "Clar"; otherwise they are wholly dissimilar in appearance when printed and in sound when spoken. That such an argument is obviously without merit, is pointed out in appellee's brief—

"It is submitted that the first two syllables, namely, 'Clari' and 'Clara' are practically identical in sound. When spoken, they are substantially indistinguishable.

"Moreover, the third and remaining syllable of both words ends in the same letter, namely 'L.'

"Thus, both are words of three syllables, the first two syllables of both are substantially identical; and the third syllable of both ends with the same letter."

Technical reasoning, which in the last analysis amounts to nothing more than a process of the dissection of a word and the comparison of its divorced segments, should not be employed to obtain registration for the use of a word as a whole, which, if registered, would put the newcomer in a position not only to appropriate the good will of the owner of a trade-mark but also to take advantage, intentionally or otherwise, of a purchasing public.

It is true, as stated in the decision of the First Assistant Commissioner of Patents, that " * * * obviously, the spoken expressions 'Clar-apel' and 'Clarifoil' sound very nearly alike." This court has held, and the rule is applicable here, that if the mark of a newcomer when voiced is so constituted as to be similar in sound to the language expressed in a trademark attached to identical goods or merchandise of the same descriptive properties, the registration of the newcomer's

mark will be prohibited regardless of its significance otherwise in appearance and meaning. See Skol Co., Inc., v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents ——, and authorities therein cited.

It is our opinion that notwithstanding appellee's use of the surname "Du Pont," the two marks, respectively considered as a whole, so nearly resemble one another in sound, meaning, and appearance as to be likely to cause confusion when concurrently used in the sale of identical merchandise or merchandise of the same descriptive properties. In view of that conclusion, it is unnecessary to consider other incidental points which were discussed and properly passed upon by the Commissioner of Patents. His decision, which applies the correct principles of law to the facts presented, is accordingly affirmed.

Affirmed.

GARRETT, Presiding Judge (dissenting).

I respectfully dissent from the conclusion reached by my associates in this case.

It seems to me that the presence of the word "Du Pont" as an integral and presumably valid part of appellee's mark so clearly states the origin of appellee's goods that there is not the slightest likelihood of the public being confused or purchasers deceived as to the origin of appellant's merchandise by the application thereto of the notation "Clarifoil" as a trade-mark, notwithstanding its partial resemblance to the word "Clar-apel."