**A. S. BECK SHOE CORPORATION, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 3103–67.**

United States District Court
District of Columbia.

May 14, 1969.

Roberts B. Larson, Washington, D. C., for plaintiff.

Jere Sears, Asst. Solicitor, Patent Office, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action under 15 U.S.Code § 1071(b) against the Commissioner of Patents by an applicant for the registration of a trademark, whose application was rejected by the Patent Office and who seeks to set aside that rejection.

The trademark which the plaintiff sought to register is: "It's a Young, Young, Young World at Beck". The plaintiff is engaged in the business of manufacture and sale of shoes and would use the trademark in connection with its business. The application for registration was rejected by the examiner of the Patent Office and his ruling affirmed by the Trademark Trial and Appeal Board, on the ground that the plaintiff's trademark was confusingly similar with a trademark consisting of the words "Young World", with the design of a globe between the two words, which was used by the owner and operator of a retail department store in New York by the name of Bloomingdale in connection with the sale of children's clothing, including shoes.

It is claimed on behalf of the plaintiff that the Board at least should have permitted the trademark to be published, in order that anyone who opposed registration would have an opportunity to file opposition and that the final decision of the Patent Office should have been withheld until the opposition, if any, had been heard. The present trademark statutes provide for two different courses of procedure to be followed by the examiner of trademarks of the Patent Office. He may, if he deems it wise to do so, permit the trademark to be published after examining the application, and then decide whether the application should be granted after hearing opposition, if any, that may be filed. The second procedure that he may follow is if he is convinced by the *ex parte* presentation that the trademark is not subject to registration, to reject the application outright. In either case, the decision of the examiner is subject to review by the Trademark Trial and Appeal Board and eventually either by the Court of Customs and Patent Appeals or by this Court, as in the present action. It follows that whichever course is pursued by the defendant, the applicant is equally well protected and is not prejudiced in any way by the fact that the Patent Office selected one course instead of the other.

In this case the examiner did not permit the application to proceed to publication but rejected it on the *ex parte* presentation, on the ground that the trademark was confusingly similar with the Bloomingdale trademark to which reference has been made. The statute contained in 15 U.S.Code § 1052 enumerates

the various types of trademarks that may not be registered and one of them is a mark which so resembles a mark previously registered in the Patent Office as to be likely, when applied to the applicant's goods, to cause confusion or to cause mistake or to deceive. The registration of the trademark in question was denied under the last mentioned provision.

■ The scope of review in cases of this type is very narrow. It was definitively defined by the Court of Appeals for the District of Columbia Circuit in Ecco Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 229 F.2d 37, 40, where the Court stated:

"In patent and trademark cases * * * a finding of fact by the Patent Office as to priority of invention or confusing similarity of marks must be accepted as controlling, unless the contrary is established by evidence 'which, in character and amount carries thorough conviction.'"

Again at page 42, the Court said:

"Where the decision of the Patent Office has a substantial basis in fact, and where the new evidence offered to the trial court is not sufficient to shift the balance (i. e., is not enough to produce 'thorough conviction' to the contrary), the courts are simply not authorized to substitute their own views. For a judge to conclude that he himself would not be confused by two competing trademarks—and hence that the public would not be confused—is beside the point: the question is whether the expert agency charged with responsibility in the matter has in view of all the evidence clearly erred in finding that the possibility of confusion exists."

■■ This Court is of the opinion that it is a mistake to try to analyze a trademark intensively and examine it with close scrutiny, in order to determine whether a similarity exists between it and some other mark. The test, in the opinion of this Court, is what impression it makes on the casual member of the public, who might see it on some goods displayed in a store or in an advertisement in a newspaper or magazine.

A similar thought was pointedly expressed by the Court of Customs and Patent Appeals in an opinion written by the late Judge O'Connell in Celanese Corporation of America v. E. I. Du Pont De Nemours & Co., 154 F.2d 143, 145, 33 CCPA 857. He said:

"It is a matter of common knowledge that in the purchase of goods people generally do not stop to scrutinize marks nor retain a vivid recollection of their diversified features. Each of the contested marks, therefore, is to be considered in its entirety and viewed as the general public would view and remember it in making a purchase of the merchandise to which it is attached."

In this case the examiner of the Patent Office rejected the application on the ground that the mark applied to the applicant's goods so resembled the mark cited below as to be likely to cause confusion or to cause mistake or to deceive. The other mark to which he referred is the Bloomingdale mark consisting of the words "Young World" with a picture of the globe between the two.

In his statement in the proceeding before the Board the examiner said:

"It is believed that the applicant's mark merely emphasizes the message proclaimed in registrant's mark and that confusion as to origin would be likely to result if those marks were used on the identical goods, shoes."

The Board stated in its opinion that:

"The notations 'Young World' and 'It's a Young, Young World' create substantially an identical commercial impression and we are in full agreement with the examiner that this feature of similarity between the marks here involved is such as to add to the Court's confusion or mistake or deceit."

The Board affirmed the refusal of the registration.

Bearing in mind the limited scope of review under the principles heretofore summarized, no basis is perceived for setting aside the findings of the tribunals of the Patent Office or vacating their rejection. The findings of fact of the Patent Office are obviously not clearly erroneous and, therefore, will not be overruled by the Court.

Independently the Court would reach the same conclusion, however. The Court is of the opinion that not only is the finding of fact of the Patent Office not clearly erroneous, but that it is not erroneous at all. The Court independently, if it had the issue for decision before it, would also find as a fact that the two marks are so sufficiently similar as to be likely to cause confusion, especially as they both are applicable to shoes and the earlier mark is also applicable to children's clothing which obviously is likewise wearing apparel.

In view of the foregoing considerations the Court reaches the conclusion that the decision of the Patent Office should be affirmed and the complaint is dismissed on the merits.