856 F.2d 85
 8 U.S.P.Q.2d 1157
 OFFICIAL AIRLINE GUIDES, INC., Plaintiff-Appellant,
v.
Mindy GOSS; Sandy Vanderzanden, doing business as Mindy's
Answering Service; Churchfield Publications, Inc.;
Ashbyweb Limited Company, dba American Concepts; Anne-Lise
Fleisher, an individual, Defendants-Appellees.
 No. 87-3613.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 8, 1988.
Decided Sept. 1, 1988.
 
 Richard E. Alexander, Alexander, Unikel, Zalewa & Tenenbaum, Ltd., Chicago, Ill., for plaintiff-appellant.
 Dennis E. Stenzel, Chernoff, Vilhauer, McClung & Stenzel, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN, SKOPIL and NELSON, Circuit Judges.
 GOODWIN, Chief Judge:
 
 
 1
 Official Airline Guides, Inc. (OAG) appeals an order denying a preliminary injunction against the use by appellees Ashbyweb[1] of the term "Travel Planner." We affirm the denial of the preliminary injunction but remand for consideration of permanent relief on the merits.
 
 
 2
 Since 1963, OAG has, through its predecessor, continuously used its federally registered trademark "OAG Travel Planner." When OAG's predecessor registered its trademark in 1964, the trademark examiner required it to disclaim as descriptive the words "Travel Planner." However, OAG claims a common law mark over the term "Travel Planner." OAG publishes under its mark travel directories, including the "OAG Travel Planner North American Edition," containing information on transportation and hotel and motel accommodations in the United States and abroad.
 
 
 3
 OAG's publication is commonly referred to by customers and advertisers as the "Travel Planner." To obtain information for its guide, OAG sends listing forms to hotels, airlines, car rental agencies, and other travel-related concerns. These forms also solicit paid advertisements for the guide.
 
 
 4
 Beginning in about 1983, Ashbyweb commenced the promotion, sale, distribution and solicitation of advertisements for "The Travel Planner USA," a directory similar to OAG's travel guide. Ashbyweb's principals have known of OAG's Travel Planner for about 20 years.
 
 
 5
 Ashbyweb's guide is not sold in the United States, while OAG's guide is rarely sold outside the United States. However, Ashbyweb annually sends more than 20,000 listing forms to travel-related entities in the United States, requesting corrections and soliciting optional advertisements. Ashbyweb, like OAG, solicits advertisements from hotels, car rental agencies, and airlines. However, it also sends forms to a number of entities generally not solicited by OAG, including national parks, recreational vehicle rental agencies, charter bus lines, rail lines and tourist attractions.
 
 
 6
 The logo on Ashbyweb's listing forms reads "The Travel Planner," while fine print elsewhere on the forms refers to "The USA Travel Planner." Ashbyweb's letterhead, used on individual letters soliciting advertisements, refers only to "The Travel Planner."
 
 
 7
 OAG brought suit against Ashbyweb on January 13, 1987, alleging federal causes of action for mark infringement and state causes of action based upon unfair competition. The complaint sought, inter alia, a temporary restraining order and preliminary and permanent injunctive relief prohibiting Ashbyweb from selling, distributing or soliciting advertisements for any publication using the mark "Travel Planner."
 
 
 8
 The district court denied a preliminary injunction, finding that OAG had failed to demonstrate probable success on the merits or the existence of serious questions going to the merits. The district court found that the term "Travel Planner" is generic and therefore can not be trademarked. Even if the term "Travel Planner" is deemed to be descriptive, the court stated, it had not acquired a secondary meaning because there was little evidence of actual confusion. Furthermore, the court found, there was little likelihood of confusion in this country--and no possibility of irreparable injury to OAG--"because Ashbyweb's publication is not distributed in the United States." OAG appeals.
 
 
 9
 The district court erred in concluding that OAG had failed to demonstrate either probable success on the merits or the existence of serious questions going to the merits. The denial of the preliminary injunction nevertheless is affirmed because OAG did not demonstrate either the possibility of irreparable injury or that the balance of hardships tips sharply in its favor. We remand the case to the district court for the determination whether, applying the correct legal standards, OAG is entitled to permanent injunctive relief.
 
 
 10
 A district court's decision to deny a preliminary injunction will be upheld "unless the lower court applied incorrect law, relied on clearly erroneous factual findings, or otherwise abused its discretion." NEC Electronics v. Cal Circuit Abco, 810 F.2d 1506, 1508 (9th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987). See Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 722-23 (9th Cir.1985). "A plaintiff is entitled to a preliminary injunction in a trademark case when he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor." Sardi's Restaurant Corp., 755 F.2d at 723.
 
 
 11
 OAG may not take advantage of the special protection afforded to registered trademarks because its registration of the mark expressly "disclaim[ed] the words 'Travel Planner' apart from the mark as shown." OAG alleges that Ashbyweb has used only the disclaimed words, not the mark as a whole. The district court therefore did not err in finding that OAG had not demonstrated a serious question concerning the alleged infringement of its registered mark.
 
 
 12
 However, OAG's disclaimer of the phrase "Travel Planner" in its registration does not deprive it of any common law rights it may have in the disclaimed matter. See 15 U.S.C. Sec. 1056(b) (1982); cf. Gorham Mfg. Co. v. Weintraub, 196 F. 957, 964 (S.D.N.Y.1912) (finding that "additional registered trade-marks were not an abandonment of [plaintiff's] common-law trade-mark"). The determination whether OAG has obtained a common law mark over the term "Travel Planner" constitutes a serious question going to the merits.
 
 
 13
 The district court erred in finding the term "Travel Planner" to be generic and therefore unprotectable because Ashbyweb failed "to provide any evidence with respect to consumer perceptions." Park N' Fly, Inc. v. Dollar Park & Fly, Inc., 718 F.2d 327, 330 (9th Cir.1983), rev'd on other grounds, 469 U.S. 189, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985); see California Cooler, Inc. v. Loretto Winery, Ltd., 774 F.2d 1451, 1455-56 (9th Cir.1985). Upon remand, the district court should consider such evidence in determining whether the term "Travel Planner" is protectable.
 
 
 14
 The arrangement of letters "OAG"--as coupled with the more descriptive term "Travel Planner"--constitutes an arbitrary mark that qualifies for trademark protection without the need to prove secondary meaning. See Electronics Communication, Inc. v. Electronic Components for Ind. Co., 443 F.2d 487, 492-93 (8th Cir.) (defining arbitrary marks), cert. denied, 404 U.S. 833, 92 S.Ct. 80, 30 L.Ed.2d 63 (1971); 1 J. McCarthy, Trademarks and Unfair Competition, Sec. 7:2 (2d ed. 1984). The issue whether Ashbyweb's use of the term "Travel Planner" infringed OAG's common law mark over the term "OAG Travel Planner" constitutes a serious question going to the merits. See 2 J. McCarthy, supra, Sec. 23:15[A] (observing that the infringement inquiry requires the comparison of the conflicting marks in their entirety).[2]
 
 
 15
 If OAG holds a protectable common law mark over the term "Travel Planner" or the term "OAG Travel Planner," the court must decide whether Ashbyweb has infringed OAG's mark or marks--that is, whether there is a likelihood of confusion between OAG's mark and the term used by Ashbyweb. See Sardi's Restaurant Corp., 755 F.2d at 723.
 
 
 16
 The district court, in finding "little, if any, likelihood of confusion in this country" solely because Ashbyweb's publication is not distributed in the United States, failed to consider the effect of Ashbyweb's use of the term "Travel Planner" to solicit advertisements.
 
 
 17
 The use of a mark to solicit advertisements constitutes a "false description or representation" used "in connection with ... goods or services" and therefore will support a civil action for mark infringement. See 15 U.S.C. Sec. 1125(a) (1982).[3] Upon remand, the district court should consider whether Ashbyweb's use of OAG's mark on its listing forms might cause confusion in the marketing of advertising and a resulting loss of revenue to OAG. See AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979) (listing eight factors); see also J.B. Williams Co., Inc. v. LeConte' Cosmetics, Inc., 523 F.2d 187, 191 (9th Cir.1975) (setting forth an alternative formulation including six of the AMF factors), cert. denied, 424 U.S. 913, 96 S.Ct. 1110, 47 L.Ed.2d 317 (1976).
 
 
 18
 Our finding that the district court erred in concluding that OAG failed to demonstrate either probable success on the merits or the existence of serious questions going to the merits makes it necessary for us to determine whether preliminary injunctive relief was inappropriate because OAG has not demonstrated either the possibility of irreparable injury or that the balance of hardships tips sharply in its favor. See Sardi's Restaurant Corp., 755 F.2d at 723.
 
 
 19
 As noted above, the district court erred in finding that OAG could have suffered no injury on the ground that there was no possibility of confusion arising from Ashbyweb's use of OAG's claimed marks. Nevertheless, we affirm the district court's denial of a preliminary injunction because we find that, under the proper law, OAG has not demonstrated either irreparable injury or that the balance of hardships tips sharply in its favor. See id. Because injunctive relief is equitable in nature, we also note that our decision to affirm the denial of a temporary injunction is likely to subject OAG to less hardship than would a decision vacating the denial, thereby requiring interminable trial and appellate proceedings.
 
 
 20
 We affirm the district court's denial of a preliminary injunction. We remand to the district court for a determination whether OAG is entitled to permanent injunctive as well as other relief against Ashbyweb's use of its mark or marks to solicit advertisements from entities in this country. On remand, the district court should determine whether the term "Travel Planner" has common law protection as a mark. The district court then should decide whether OAG has demonstrated a likelihood of confusion between its mark or marks and Ashbyweb's use of the term "Travel Planner" to solicit advertising.
 
 
 21
 Ashbyweb seeks attorneys' fees and double costs under Fed.R.App.P. 38. Because OAG's appeal was far from frivolous, the motion for attorneys' fees is denied. OAG is entitled to costs on appeal.
 
 
 22
 AFFIRMED AND REMANDED.
 
 
 
 [1]
 The appellees, whom we refer to collectively as Ashbyweb, include: Ashbyweb Ltd., d/b/a American Concepts, an English corporation that publishes Ashbyweb's "Travel Planner"; Anne-Lise Fleisher, Ashbyweb's sole director; Churchfield Publications, Inc., a Nevada corporation which solicits advertisements for the directory; and Mindy Goss and Sandy Vanderzanden, d/b/a Mindy's Answering Service, the Oregon business that provides information to prospective directory advertisers
 
 
 [2]
 We reject OAG's claim that Ashbyweb has admitted that the term "Travel Planner" is a mark when it opposed OAG's attempt to register the term as a mark by claiming that it was using the mark itself. Ashbyweb would have been entitled to raise this argument as an alternative defense in this proceeding, and we do not believe that its assertion of this argument elsewhere constitutes an admission binding on it here
 
 
 [3]
 This statute provides:
 Any person who shall ... use in connection with any goods or services ... a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce ... shall be liable to a civil action ... by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.
 15 U.S.C. Sec. 1125(a) (1982).