70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
S3 INCORPORATED, a Delaware corporation, Plaintiff-Appellee,
v.
CIRRUS LOGIC, INC., a California corporation, Defendant-Appellant.
 No. 94-16412.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Nov. 27, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Cirrus Logic, Inc., ("Cirrus") appeals from the district court's order enjoining Cirrus from "utilizing the phrase CIRRUS LOGIC ON BOARD or ON BOARD as a trademark on computer graphics chips or on advertisements, catalogues, press releases, or product packaging for computer graphics chips." Cirrus seeks reversal on the grounds that the district court erred in (1) enjoining use of the phrase "on board" because it is either generic or merely descriptive; (2) concluding that S3 had raised substantial questions as to the likelihood of confusion between "Cirrus Logic On Board" and "S3 On Board;" and (3) concluding that the balance of hardships tipped in S3's favor. We affirm because we conclude that the evidence presented to the district court was sufficient to support the issuance of a preliminary injunction.
 
 I.
 
 4
 We have jurisdiction to review the district court's grant of a preliminary injunction pursuant to 28 U.S.C. Sec. 1292(a). This review is limited. "The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." Miller v. California Pacific Medical Center, 19 F.3d 449, 455 (9th Cir.1994) (en banc). A party is entitled to a preliminary injunction when it demonstrates either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. Id. at 456.
 
 II.
 
 5
 Cirrus argues that the district court erred in enjoining use of the phrase "on board" as a trademark because it is a generic term. Whether a combination of common words is a generic name is a question of fact. In re Northland Aluminum Products, Inc., 777 F.2d 1556, 1559 (Fed.Cir.1985); see also, Official Airline Guides, Inc. v. Goss, 856 F.2d 85, 87 (9th Cir.1988). Because there are serious questions regarding whether the phrase is generic, the district court did not err in enjoining Cirrus from using the phrase as a trademark.
 
 
 6
 Cirrus further argues that if the phrase "on board" is merely descriptive, the district court erred in enjoining use of the phrase because there was insufficient evidence that it had attained secondary meaning. A court may enjoin use of a confusingly similar descriptive phrase without proof of secondary meaning. See id. at 1394-95 (enjoining use of descriptive phrase "The Travel Planner" because it was confusingly similar to protected phrase "OAG Travel Planner" without proof of secondary meaning).
 
 III.
 
 7
 Cirrus contends that the district court erred in concluding that S3 raised substantial questions relating to the likelihood of confusion between "S3 On Board" and "Cirrus Logic On Board." We disagree. To determine whether there is a likelihood of confusion courts consider: (1) the similarity of the marks; (2) the proximity of the goods; (3) the marketing channels used; (4) the type of goods and degree of care likely to be exercised by the purchaser; (5) evidence of actual confusion; (6) the defendant's intent in selecting the mark; and (7) the strength of the mark. These factors raise a serious possibility of confusion between "Cirrus Logic On Board" and S3's protected mark "S3 On Board."
 
 
 8
 Courts assess the similarity of marks by comparing their sight, sound and meaning. Id. at 1392. "The marks must be considered in their entirety and as they appear in the marketplace. Similarities are weighed more heavily than differences." Id. (internal cites omitted).
 
 
 9
 There are significant similarities between "S3 on Board" and "Cirrus Logic On Board."[1] The two phrases share substantially the same meaning: that the party's accelerator chip is located on a computer board. The appearance of the two phrases is similar. Both combine the company's name with the phrase "on board." Because the record suggests that "on board" is the more dominant portion of Cirrus's logo, it may be given more weight than the company's name. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 351 (9th Cir.1979) (effect of housemark may be negligible if it is the less conspicuous portion of the mark). Because of the pun associated with the phrase "on board," consumers may be more likely to remember this portion of S3's mark than the company's name. Celanese Corp. v. E.I. DuPont De Nemours & Co., 154 F.2d 143, 145 (C.C.P.A.1946) (although DuPont is the more conspicuous part of mark, because consumers are more likely to remember Clarapel, Clar-apel is dominant part of DuPont Clar-apel mark). These similarities raise a substantial question whether Cirrus's use of "Cirrus Logic On Board" will confuse customers.
 
 
 10
 The other factors further suggest a serious possibility of confusion. The record demonstrates that several S3 customers have actually been confused by Cirrus's use of "Cirrus Logic On Board." Both S3 and Cirrus use their "on board" logo to market graphics accelerator chips which they sell to manufacturers of computers and add-in computer boards. See AMF Inc., 599 F.2d at 350 (consumers are more likely to be confused as to the producers of related goods than non-related goods). Both provide their logo to their customers for placement on the packaging of products containing their graphics accelerator chips. See id. at 353 (convergent marketing channels increase the likelihood of confusion). Because the graphics accelerators are incorporated into a larger product, with many features for the consumer to consider, it is possible that customers will not closely scrutinize the accelerators themselves. See Celanese Corp., 154 F.2d at 145 (court must consider how public would view and remember mark in making a purchase of the merchandise). Moreover, the record further suggests that Cirrus may have intended to cause confusion when it selected "Cirrus Logic On Board." Cirrus began using "Cirrus Logic On Board" after attending COMDEX show's where S3's mark was displayed. See id. at 1394 ("[w]hen an alleged infringer knowingly adopts a mark similar to another's, courts will presume an intent to deceive the public"). Finally, the composite phrase "S3 On Board" is a strong, arbitrary mark, entitled to a great degree of protection. See Official Airline Guides, 6 F.3d at 1391-92.
 
 VI.
 
 11
 Cirrus argues that the district court erred in concluding that the balance of hardships tipped sharply in S3's favor because the court did not consider the hardship an injunction would cause Cirrus. We disagree. Cirrus is in no position to complain of any hardship because it undertook use of "Cirrus Logic On Board" with knowledge that it might have to be discontinued. On the other hand, if an injunction were not issued, S3 would suffer irreparable injury in the form of goodwill. See International Olympic Committee v. San Francisco Arts and Athletics, 219 U.S.P.Q. 982, 986 (N.D.Cal.1982), aff'd, 707 F.2d 517 (9th Cir.1983). Accordingly, the balance of hardships tip sharply in S3's favor.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cirrus argues that the district court erred in not making specific findings concerning the similarity of the phrases and logos used by S3 and Cirrus. We disagree. In concluding that Cirrus's use of "Cirrus Logic On Board" may be likely to cause confusion, the district court implicitly found at least a likelihood that there was some degree of similarity between the phrase and S3's mark "S3 On Board."