WALLACE, Senior Circuit Judge,
concurring in part and dissenting in part.
Judge Smith has crafted an excellent opinion and I agree with nearly all of it. I agree that Leigh’s request for preliminary injunctive relief is not moot. I also agree that Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 106 S.Ct. 2785, 92 L.Ed.2d 1 (1986) (Press-Enterprise II), provides the proper test for Leigh’s claims that she was denied access to horse gathers and horse holding facilities in violation of her First Amendment rights. I disagree, however, that the district court’s error in failing to apply Press-Enterprise II requires us to reverse and remand.
As Judge Smith correctly points out in his opinion, Leigh has not identified any evidence in the record to establish an historical tradition of public access to horse gathers or holding facilities. Because the
district court applied the wrong legal standard, remanding to allow Leigh to attempt to present evidence that would establish those facts is one way to proceed. Judge Smith has selected that option. But when we review a denial of a preliminary injunction, “we may affirm the decision of the district court if the result is correct, even if the district court relied on a wrong ground or gave a wrong reason.” Martin v. Int’l Olympic Comm., 740 F.2d 670, 676 (9th Cir.1984); see also Schenck v. Pro-Choice Network, 519 U.S. 357, 384 n. 12, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997) (rejecting the argument that failure to endorse district court’s reasoning requires reversal); Official Airline Guides, Inc. v. Goss, 856 F.2d 85, 87 (9th Cir.1988) (affirming the denial of a preliminary injunction on different grounds than relied on by the district court and remanding to determine whether the plaintiff is entitled a permanent injunction).
In presenting evidence to the district court to support her motion for preliminary injunction, Leigh did not even attempt to establish the existence of an historical tradition of public access to horse gathers or holding facilities. Therefore, even if the district court had applied the correct legal rule that Judge Smith’s opinion adopts, it would have been obliged to deny the motion for failure to prove a likelihood of success on the merits. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The necessary facts were not presented. Even though it relied on a wrong ground, the district court reached the correct result. Therefore, we ought to affirm the denial of the preliminary injunction, and remand for the determination whether, applying the correct legal standard, Leigh is entitled to permanent injunctive relief. See Official Airline Guides, Inc., 856 F.2d at 87.
*902 Furthermore, the majority’s course of action conflicts with the purpose of preliminary injunctions. Preliminary injunctions normally serve to prevent irreparable harm by preserving the status quo pending a trial or other determination of the action on the merits. Chalk v. U.S. District Court, 840 F.2d 701, 704 (9th Cir.1988). Here, Leigh’s request for preliminary injunctive relief “goes well beyond simply maintaining the status quo.” Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir.1994). She asks the court to order the BLM to provide Leigh with all the access she demands immediately. Mandatory preliminary injunctions, such as Leigh seeks, are particularly disfavored and should be denied “unless the facts and law clearly favor the moving party.” Id. (internal quotations omitted). Here, there were no necessary facts.
Reversing and remanding for further factual development for the preliminary injunction is also unwise because it will only cause more delay. We have cautioned parties against appealing decisions on preliminary injunctions “in order to ascertain the views of the appellate court on the merits of the litigation.” Sports Form, Inc. v. United Press Int’l. Inc., 686 F.2d 750, 753 (9th Cir.1982). The limited scope of our review and the limited factual records that accompany appeals from preliminary injunctions (usually consisting of affidavits) often prevent us from providing appropriate guidance on the merits. Id. at 753. Often, the testimony of witnesses at trial is different from the affidavits (often authored by lawyers) presented at a preliminary injunction hearing. The applicable law may change based on the full record of live testimony. Thus, appeals from preliminary hearings may waste time and judicial resources. Id. In other words, preliminary injunction motions are not the “main show.”
Because the district judge granted the joint motion by the parties to stay the proceedings in the district court pending this appeal, this case has already delayed the final resolution by approximately nine months with no progress toward trial. By the time the district court lifts the stay, the delay may be much longer, as the district court must take more preliminary evidence, make preliminary factual findings, and undertake the difficult task of gauging Leigh’s likelihood of success, the threat of irreparable harm, the balance of the equities, and the public interest. After this difficult process, one or both of the parties might again appeal the district court’s interlocutory decision. As we stated in Sports Form, “it is likely that this case ... could have proceeded to a disposition on the merits in far less time than it took to process this appeal.” 686 F.2d at 753. Similarly, it is likely that, on remand, the most efficient course would be to proceed to a disposition on the merits.
I prefer to end the detours now. Sending this case back without directing more preliminary injunction activity would encourage the district court and the parties to get on with the trial. It is within our power to do so. While I enthusiastically join Judge Smith’s analysis and holdings on the law, I dissent from the judgment to reverse and remand for further proceedings on the preliminary injunction motion. I would affirm and remand for a determination whether Leigh is entitled to permanent injunctive relief: get to trial as soon as possible.