54 CCPA

**ROCKWOOD CHOCOLATE CO., Inc.,**
Appellant,

v.

**HOFFMAN CANDY COMPANY,**
Appellee.

Patent Appeal No. 7712.

United States Court of Customs
and Patent Appeals.

Feb. 16, 1967.

A. D. Caesar, Alan H. Bernstein, Stanley H. Cohen, Philadelphia, Pa., for appellant.

G. Cabell Busick, Henry W. Leeds, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board in consolidated opposition and cancellation proceedings, 145 USPQ 91. Appellant, hereinafter designated Rockwood, sought to register "BAG-O-GOLD" as a mark for candy,[1] asserting ownership of a registration of the mark "ROCKWOOD BAG-O-GOLD" for candy.[2] Appellee, hereinafter Hoffman, brought an opposition against the application for registration of the mark "BAG-O-GOLD" and also a petition for cancellation against the registration of the mark "ROCK-WOOD BAG-O-GOLD." In both actions Hoffman's position is based on its asserted prior and continuous use of "CUP-O-GOLD" as a mark for candy. The board sustained the opposition and granted the petition to cancel.

The issue is whether the board erred in finding that Hoffman proved prior and continuous use of its "CUP-O-GOLD" mark and in finding a likelihood of confusion between that mark and Rockwood's marks "BAG-O-GOLD" and "ROCK-WOOD BAG-O-GOLD."

■ Our review of the record establishes that there was an adequate basis for the board's finding that Hoffman used its mark "CUP-O-GOLD" prior to any date *proven* by Rockwood as the date of first use of its marks. The relevant testimony and exhibits are adequately set forth in the board's opinion and support the board's conclusion, with which we agree, "that Hoffman is, as between the parties, the prior user." We would add, however, that our agreement with this conclusion is predicated very largely on the weaknesses of the record on behalf of Rockwood.

The record on behalf of Hoffman cannot be characterized as establishing a strong case of its use of the mark "CUP-O-GOLD" by December 2, 1935. As the board stated:

It is true that the oral testimony in behalf of Hoffman as to first use can be characterized as "hazy" but there is of record an invoice which indicates a shipment of one box of "CUP-O-GOLD" on December 2, 1935. This invoice was taken from the business records of Hoffman albeit the witness identifying the document was not with the company at the time said invoice was made. Under the "shop-book" rule (Title 28 Sec. 1732) a record made in the regular course of business is admissible, the question is really one of weight. We are persuaded that said invoice is corroborative of testimony that Hoffman, through a predecessor, used "CUP-O-GOLD" as a mark for candy at least as early as December 2, 1935.

Hoffman's case is, however, sufficiently strong for shifting to Rockwood the burden of proving an earlier date. While Rockwood asserted 1957 as the date of first use of the mark in its application for registration, we agree with the board that factor alone does not preclude it from establishing an earlier date. When we examine the record on behalf of Rockwood, we agree with the board that the oral testimony as to Rockwood's use prior to 1936 does not carry sufficient conviction to establish a date of use early enough to overcome the case made by Hoffman. The only documentary corroboration of Rockwood's early use of the mark is a price list dated July 25, 1936. This date, however, is later than the date of first use proven by Hoffman. It therefore requires no further consideration.

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Trademark application Ser. No. 100,864, filed July 14, 1960.

2. Registration No. 694,327, issued March 8, 1960, on the basis of an application filed May 6, 1959.

■ Rockwood's assertion of a 1957 date for first use places an added burden on it to prove its later asserted date of priority. Thus, while a party is entitled to carry its date of first use back of one so asserted, proof of such earlier date must be clear and convincing and oral testimony given long after the date sought to be proved must be carefully scrutinized. Elder Manufacturing Co. v. International Shoe Co., 194 F.2d 114, 39 CCPA 817.

Rockwood has placed particular emphasis on the testimony of Misroch, a candy wholesaler. He stated that he remembered purchasing "BAGS-O-GOLD" in the early 1930's. This recollection was based on his having joked that he still had gold when the banks were closed in 1932. Such testimony deserves consideration despite the fact that he mistakenly placed in 1932 an event that actually took place in 1933. However, it is significant that this testimony was given over thirty years after the event and that the record shows that "gold coins" were a form of candy sold by Rockwood under the mark "Gold Coins" in the "early thirties." Misroch's statement that he still had "gold" does not establish that this was "BAGS-O-GOLD" candy.

We shall now consider the question of alleged confusing similarity of the marks. On this question, Rockwood introduced evidence showing that the term "Gold" appeared as part of others' marks for candy. It also presented testimony of professional buyers that confusion was not likely to result from concurrent use of the marks involved. However, these buyers conceded that because of their long experience in the field they could not be regarded as average purchasers. They also stated that they did not know of other trademarks for candy which ended in "O-GOLD."

Under these circumstances, we think the board correctly found:

While it appears that the designation "GOLD" is somewhat lacking in distinctiveness as applied to candy, it does not appear that "O-GOLD" is afflicted with the same infirmity. The similarity between the marks thus goes beyond merely the common use of "GOLD".

■ Considering the marks "BAG-O-GOLD" and "CUP-O-GOLD", in their entireties, we agree with the board that their use on candy would create likelihood of confusion, particularly since the only difference lies in different three letter words used as a prefix suggestive of a type of container in which the "O-GOLD" candy may be sold.

However, there are such differences between the marks "ROCKWOOD BAG-O-GOLD" and "CUP-O-GOLD" that further and separate consideration must be given to this issue. Our first consideration is that "ROCKWOOD BAG-O-GOLD" is and has been *registered* as appellant's trademark since March 8, 1960.

■ The Trademark Act of 1946, section 7(b) (15 U.S.C. § 1057(b)) states:

A certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein.

This prima facie presumption in favor of a registration has been recognized by the courts in many cases.[3] Moreover, as we stated in Prince Dog & Cat Food

3. Among these are DeWalt, Inc. v. Magna Power Tool Corp., 289 F.2d 656, 661, 48 CCPA 909, 917; In re Deister Concentrator Co., Inc., 289 F.2d 496, 501, 48 CCPA 952, 962; Maternally Yours, Inc. v. Your Maternity Shop, Inc. (CA 2, 1956), 234 F.2d 538, 542; and Aluminum Fabricating Co. v. Season-All Window Corp. (CA 2, 1958), 259 F.2d 314, 316.

Co. v. Central Nebraska Packing Co., 305 F.2d 904, 49 CCPA 1328:

> * * * Cancellation of a valuable registration around which a large and valuable business goodwill have been built should be granted only with "due caution and only after a most careful study of all the facts." Sleepmaster Products Co., Inc. v. American Auto-Felt Corp., 241 F.2d 738, 44 CCPA 784. Petitioner, to sustain its burden of proof, must leave nothing to conjecture.

■ The existence of Rockwood's *registration* thus placed on Hoffman, inter alia, the burden of proving that Rockwood did not have the exclusive right to use the registered mark "ROCKWOOD BAG-O-GOLD" on candy. Hoffman sought to avoid the legal effect of section 7(b) by asserting "it is well established that, if two product marks are confusingly similar, the likelihood of confusion is not removed by the use of a company or 'house mark' in association with the product mark," citing Celanese Corp. of America v. E. I. DuPont De Nemours & Co., 154 F.2d 143, 33 CCPA 857, and two decisions of the Trademark Trial and Appeal Board.[4] Our review of the cited authorities does not persuade us that there is any such arbitrary rule of law.

In the *Celanese* case, *DuPont* had opposed Celanese's application for registration of the word "Clarifoil" on the basis of prior use on substantially the same goods of a composite mark consisting of the word "DuPont" arranged in an oval, below which oval was the notation "Clarapel." In that decision the majority of the court commented:

> The Examiner of Trade-Mark Interferences and the First Assistant Commissioner of Patents both correctly held, in accordance with the rule of law laid down and followed by this court, that the addition of the surname "DuPont" to one of two otherwise con-

fusingly similar marks is not of itself sufficient to avoid the likelihood of confusion. Richard Hellman, Inc. v. Oakford & Fahnestock, 54 F.2d 423, 19 C.C.P.A., Patents, 816; California Prune & Apricot Growers Association v. Dobry Flour Mills, Inc., 101 F.2d 838, 26 C.C.P.A., Patents, 910. See also Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526; Firestone Tire & Rubber Co. v. Montgomery Ward & Co., Inc., 150 F.2d 439, 32 C.C.P.A., Patents, 1074.

However, we do not think that this case, or any of the decisions cited therein, stand for so broad a proposition as that advanced by Hoffman. Rather, it seems clear the authorities emphasize that each case requires consideration of the effect of *the entire mark* including any term in addition to that which closely resembles the opposing mark. Thus the majority in the *Celanese* case based its conclusion on the following:

> It is our opinion that notwithstanding appellee's use of the surname "DuPont," the two marks, respectively considered as a whole, so nearly resemble one another in sound, meaning, and appearance as to be likely to cause confusion when concurrently used in the sale of identical merchandise or merchandise of the same descriptive properties. * * *

That the decisions cited in the passage from *Celanese* quoted above do not constitute a basis for Hoffman's broad proposition or controlling precedents here is apparent from a brief consideration of their facts. Thus, in *Richard Hellman* the word portion of the competing marks included the identical term "Blue Ribbon." In *California Prune* the marks included the identical dominant term "Sunsweet." In *Menendez* the identical term "La Favorita" dominated both marks. The *Firestone Tire* case gives no support to Hoffman's contention regarding "ROCKWOOD BAG-O-GOLD" since the majority's finding of no likelihood of con-

4. The Nestle Co. v. The Wilson Spice Co., 130 USPQ 175, and Scholl Mfg. Co. v. W. E. Bassett Co., 147 USPQ 499.

fusion between a mark including "Firestone Air Chief" and a prior user's mark including "Airline" was based on the differences between "Air Chief" and "Airline" alone.

Even though in finding likelihood of confusion between the marks "BAG-O-GOLD" and "CUP-O-GOLD," we emphasized the identity of the "O-GOLD" suffixes, the controlling factor is that the entire marks were considered on the basic question of confusing similarity. Applying the same test to the marks "ROCK-WOOD BAG-O-GOLD" and "CUP-O-GOLD" we are faced with a situation comparable to that before the court in Price Candy Co. v. Gold Metal Candy Co., 220 F.2d 759, 42 CCPA 831. There the court viewed the mark "Bonomo's TURKISH TAFFY" in its entirety in determining the issue of confusing similarity with the mark "TURKS" and decided there was no confusing similarity.

While we have found such similarities between "BAG-O-GOLD" and "CUP-O-GOLD" as to permit Hoffman to successfully oppose the application for registration, the obvious differences between them when added to the difference apparent in the registered mark "ROCK-WOOD BAG-O-GOLD," are such that they must be given weight.

Thus, taking into account these marks in their entireties we think the totality of differences between them is such that when considered with the prima facie rights in Rockwood arising from its registration of the mark, Hoffman has not established on the present record such likelihood of confusion between the two marks as to discharge its burden of proof in the cancellation proceeding.

For these reasons, the decision sustaining the opposition is affirmed and that granting the petition for cancellation is reversed.

Modified.

WORLEY, Chief Judge, would affirm.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.