58 CCPA

**PHILLIPS PETROLEUM COMPANY,**
Appellant,

v.

**C. J. WEBB, INC.,** by change of name from **Chas. J. Webb Sons Co., Inc.,** d.b.a. **Corrosion Reaction Consultants,** Appellee.

**Patent Appeal No. 8525.**

United States Court of Customs and Patent Appeals.

June 3, 1971.

Baldwin, J., dissented and filed opinion.

Paul L. Gomory, Washington, D. C., Jack E. Phillips, J. Arthur Young and Donald J. Quigg, Bartlesville, Okl., attorneys of record, for appellant.

Edward C. Gonda, Arthur H. Seidel, Seidel, Gonda & Goldhammer, Philadelphia, Pa., attorneys of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, 158 USPQ 662 (1968), dismissing Phillips' opposition to the registration by Webb, application serial No. 247,757, filed June 10, 1966, of the trademark "CRC MARINE FORMULA 6–66" for "rust and corrosion inhibitor for protecting metal surfaces on boats and components thereof from the corrosive effect of salt air and/or salt water." One member of the board dissented. We reverse.

Phillips based its opposition on its registrations of "66" for marina services;[1] for insecticides and for automobile radiator cleaners, stop-leaks and antifreezes;[2] for glass and metal cleaners;[3] for gasoline, lubricating motor oils, grease compounds for lubricating purposes, kerosene, tractor fuel oil, dripless penetrating oil and top cylinder lubricating oil;[4] and for various other products which need not be specifically set forth here.

This case is an unusual one in that a prior opposition between the same parties resulted in the board's sustaining Phillips' opposition to the registration by Webb of the mark "6.66" for a rust and corrosion inhibitor, the board noting that that mark and "66" were "much too nearly alike to avoid a likelihood of confusion, mistake, or deception." Phillips Petroleum Co. v. Chas. J. Webb Sons Co., 150 USPQ 710, 712 (TTAB 1966). While the goods recited in the present application are slightly narrower in being limited to marine use, and a decimal point was used instead of a hyphen to separate the figures, appellee has not stressed the latter difference, and we find that the goods covered by the prior application are essentially the same as those described in the present application. Therefore, we take it as a premise that appellee could not have registered "6–66" for the goods in question here. The question is whether, by the addition of the words CRC MARINE FORMULA, the mark sought to be registered no longer so resembles "66" as to be likely to cause confusion as to source. We hold that confusion is still likely.

The record shows that Phillips' mark "66" is an old and very well-known mark for petroleum products. While the parties' channels of trade may vary somewhat, their goods are the type likely to be used by boat-owning consumers. Further, while Phillips does not have a registration of "66" specifically for rust or corrosion inhibitors, its cleaners and lubricants are sufficiently similar to rust and corrosion inhibitors that, if sold under the same trademark, confusion as to source would clearly be likely.

1. Reg. 777,558, Sept. 22, 1964. Appellee contends that Phillips cannot rely on this registration since it was not pleaded and was introduced by stipulation after Phillips' time for taking testimony had expired. We agree with the board, however, that the pleaded prior use of "66" for marina services provided a proper basis for admissibility of the registration.

2. Reg. 305,656, Aug. 22, 1933, renewed Aug. 22, 1953.

3. Reg. 644,304, April 16, 1957.

4. Reg. 517,755, Nov. 22, 1949.

The board, while essentially agreeing with the foregoing statements regarding channels of trade and nature of the respective goods, concluded that the marks were different enough to obviate likelihood of confusion. The board stated, 158 USPQ at 664:

It is true that opposer's mark "66" is incorporated in applicant's mark, but it has been incorporated therein in such a manner as to lose its identity, per se, and to create a designation which is readily distinguishable therefrom in both sound and appearance and which creates a completely different commercial impression. It is therefore concluded that the overall differences between the marks are sufficient to obviate any likelihood of confusion or mistake as to the origin of the goods of the parties. See: Rockwood Chocolate Co., Inc. v. Hoffman Candy Company, 54 CCPA 1061, 372 F.2d 552, 152 USPQ 599 (1967).

We admit that on first sight the mark CRC MARINE FORMULA 6–66 bears little resemblance to Phillips' mark "66." However, we must not be misled by considering Webb's mark only in its printed or typewritten form, with all the characters being of equal height. The drawing in the instant application shows the mark typed in capital letters, and under Rule 2.51(d) of the Trademark Rules of Practice this means that Webb's application is not limited to the mark depicted in any special form. In trying to visualize what other forms the mark might appear in, we are aided by the specimens submitted with Webb's application as illustrating "the mark as actually used." The specimen included with the application papers in the record shows the 6–66 portion of the mark much more prominently than the CRC MARINE FORMULA portion. Moreover, the 66 portion appears at a different level from the first 6. The specimen is quite similar to the label shown in exhibit A–4, introduced by Webb, which we reproduce below.

On a side panel of the specimen label, directions for use are printed, followed by the legend "CORROSION REACTION CONSULTANTS, Division of Chas. J. Webb Sons Co., Inc., DRESHER, PA." in letters approximately the size of those in the words MARINE FORMULA on the front panel.[5]

 What impression would be made on purchasers seeing the mark in this form? The prominence of the 66 portion of the mark is clear and in our opinion would lead many purchasers to believe that the product originated from the same source as the products sold and services rendered under the "66" mark of Phillips. The addition of the extra 6 and the hyphen has already been held not to avoid likelihood of confusion, and in the absence of some other apparent significance for the term 6–66 we find this conclusion inescapable. While we are aware that likelihood of confusion is not to be tested by dissecting the marks involved, we cannot avoid noting that the CRC MARINE FORMULA portion of the mark as used on the specimen label is so small as to be very likely to escape the purchaser's eye.

5. The record establishes that CRC is a housemark of appellee's Corrosion Reaction Consultants Division.

We conclude that the mark CRC MARINE FORMULA 6–66, in some forms at least, so resembles "66" that confusion, mistake or deception is likely. 15 U.S.C. 1052(d). Since Webb's application is not limited to a special form of the mark, the board's decision dismissing the opposition must be reversed.

Reversed.

BALDWIN, Judge, (dissenting).

I disagree with the majority opinion. I fail to see where appellee's mark "CRC MARINE FORMULA 6–66" bears such resemblance to Phillips' mark "66" as to be likely to cause mistake or confusion or to deceive as to the source of the goods here involved. I would affirm.