2/18/2005

THIS OPINION IS NOT CITABLE
AS PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re Work Zone, Inc.
_____

Serial No. 76338228
_____

James G. O'Neill, Esq. for Work Zone, Inc.

Elissa Garber Kon, Trademark Examining Attorney, Law Office
106 (Mary Sparrow, Managing Attorney).
_____

Before Hanak, Holtzman and Rogers, Administrative Trademark
Judges.

Opinion by Hanak, Administrative Trademark Judge:


Work Zone, Inc. (applicant) seeks to register WORK

ZONE enclosed within a diamond (as shown below) for

"protective boots and shoes for industrial use."  The

application was filed on November 12, 2001 with a claimed

first use date of February 15, 1998.

Citing Section 2(d) of the Trademark Act, the Examining Attorney refused registration on the basis that applicant's mark, as applied to applicant's goods, is likely to cause confusion with the mark WORK ZONE, previously registered in typed drawing form for "retail store and mail order catalog services in the field of footwear and apparel." Registration No. 2,296,314.

When the refusal to register was made final, applicant appealed to this Board. Applicant and the Examining Attorney filed briefs. Applicant did not request an oral hearing.

In any likelihood of confusion of analysis, two key, although not exclusive, considerations are the similarities of the marks and the similarities of the goods or services. Federated Foods, Inc. v. Fort Howard Paper Co., 544 F.2d 1098, 192 USPQ 24, 29 (CCPA 1976) ("The fundamental inquiry mandated by Section 2(d) goes to the cumulative effect of

differences in the essential characteristics of the goods [or services] and differences in the marks.").

Considering first applicant's goods and registrant's services, we find that they are extremely closely related. Applicant seeks to register its mark for "protective boots and shoes for industrial use." The services of the cited registration include "retail store and mail order catalog services in the field of footwear." In the cited registration, the term "footwear" is in no way limited and thus would encompass "protective boots and shoes for industrial use." Indeed, the Examining Attorney has made of record photocopies of the web sites for three mail order catalog companies which feature, specifically, protective boots and shoes for industrial use.

As has been stated repeatedly, "it is well recognized that confusion in trade is likely to occur from the use of similar or the same marks for goods and products on the one hand, and for services involving those goods or products on the other." Steelcase, Inc. v. Steelcare, Inc., 219 USPQ 433, 434 (TTAB 1993) (Confusion is likely between STEELCARE for furniture refinishing services and STEELCASE for office furniture). See also In re Hyper Shoppes, Inc., 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988) and 3 J. McCarthy,

McCarthy on Trademarks and Unfair Competition, Section 24:25 at pages 24-44 to 24-45 (4th ed. 2004).

Put quite simply, registrant's retail store and mail order catalog services featuring all types of footwear are extremely closely related to applicant's protective boots and shoes for industrial use.

Turning to a consideration of the marks, we note at the outset when applicant's goods are extremely closely related to the services of the cited registration as is the case here, "the degree of similarity [of the marks] necessary to support a conclusion of likely confusion declines." Century 21 Real Estate Corp. v. Century Life of America, 970 F.2d 874, 23 USPQ2d 1698, 1700 (Fed. Cir. 1992).

Marks are compared in terms of visual appearance, pronunciation and connotation. In terms of pronunciation, the two marks are identical. Both would be pronounced as simply WORK ZONE. Obviously, consumers would not pronounce applicant's mark as "WORK ZONE and diamond design."

In terms of connotation, again the marks are identical in that they bring to mind a "work zone." Applicant does not argue to the contrary. Indeed, at page 3 of its brief applicant states that the words WORK and ZONE often appear together.

Finally, in terms of visual appearance, we recognize that the diamond in applicant's mark causes the two marks to be somewhat different. However, a diamond is a very common geometric shape. It has long been held that "ordinary geometric shapes" such as circles, squares and the like do very little to distinguish a word mark lacking such an ordinary geometric shape (registrant's mark) from an identical word mark containing such an ordinary geometric shape (applicant's mark). 1 J. McCarthy, McCarthy on Trademarks and Unfair Competition Section 7:33 at page 7-56 (4th ed. 2004).

Applicant argues at page 8 of its brief that the two marks are visually dissimilar because applicant's mark depicts the words WORK and ZONE on two different lines, whereas the registered mark depicts the two words on the same line. Applicant's argument is misplaced. The cited registration depicts WORK ZONE in typed drawing form. This means that the registered mark is not limited to having the term WORK ZONE depicted on just one line. Instead, the cited registration would also cover a depiction of the registered mark on two lines. Phillips Petroleum Co. v. C.J. Webb Inc., 442 F.2d 1376, 170 USPQ 35, 36 (CCPA 1976). See also INB National Bank v. Metrohost Inc., 22 USPQ2d 1585, 1588 (TTAB 1992).

5

Given the fact that applicant's goods and registrant's services are extremely closely related and the additional fact that the two marks are identical in terms of pronunciation and connotation, and are quite similar in terms of visual appearance, we find that there exists a likelihood of confusion.

Decision: The refusal to register is affirmed.