This Decision is a Precedent of the TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Baxley

Mailed: December 30, 2013

Opposition No. **91206091**

Skincode AG

v.

Skin Concept AG

Before Kuhlke, Bergsman, and Adlin,
Administrative Trademark Judges.

By the Board:

This case comes up for consideration of applicant's motion (filed August 28, 2013) to dismiss the opposition under Trademark Rule 2.132(b) on the ground that the evidence of record, i.e., the USPTO records regarding opposer's registration that were attached to the notice of opposition, does not make a *prima facie* showing that opposer is entitled to any relief. The motion has been fully briefed.

Skin Concept AG ("applicant"), a Swiss corporation, filed an application to register the mark SWISSCODE in standard character form for "[s]oap; perfumery, essential oils, cosmetics, hair lotions; dentifrices" in

International Class 3.[1]  Skincode AG ("opposer"), also a
Swiss corporation, opposes registration of applicant's mark
on grounds of likelihood of confusion with, *inter alia*, its
previously used and registered mark SKINCODE 2 and design

**skincode**

in the following form,                                    , for "soaps,
cosmetics, all adapted for use on the skin and the scalp"
in International Class 3 under Trademark Act Section
1052(d), 15 U.S.C. Section 1052(d), and dilution under
Trademark Act Section 43(c), 15 U.S.C. Section 1125(c).
Pursuant to Trademark Rule 2.122(d)(1), opposer attached to
its notice of opposition a copy of its pleaded registration
printed from the electronic database records of the USPTO
showing the current status and title of the registration.[2]

Opposer also based its opposition on its asserted
previous use of the mark SKINCODE for "cosmetics,
including, inter alia, skin care products."  As discussed
*infra*, opposer did not submit evidence supporting this
asserted basis and the opposition therefore is dismissed as
to this asserted basis.

---

[1] Application Serial No. 79105905, filed October 10, 2011, under
Trademark Act Section 66(a), 15 U.S.C. Section 1141f.

[2] Registration No. 2803025, issued January 6, 2004.  The
registration does not indicate that color is claimed as a feature
of the mark and does not include a description of the mark.

Applicant in its answer denied many salient allegations of the notice of opposition. However, applicant admitted various allegations which bear on the issue presented by the pending motion to dismiss. Specifically, applicant's admissions include paragraphs 6 (the filing date of the application for opposer's pleaded registration precedes applicant's filing date) and 7 (opposer's pleaded registration issued on January 6, 2004). In response to paragraph 4, applicant admits "that the records of the U.S. Trademark Office indicate that Opposer is the owner of U.S. Reg. No. 2,803,025 for the stylized mark SKINCODE2 for use in connection with 'soaps, cosmetics, all adapted for use on the skin and the scalp' in International Class 3 (the 'Registration')"; that Exhibit A of the notice of opposition "appears to be a copy of a status report generated using the TARR web server on July 10, 2012 for the Registration[;] and that Exhibit B attached to the Opposition appears to be a copy of the registration certificate issued by the U.S. Trademark Office…."

Opposer's testimony period closed on August 20, 2013 with opposer having submitted no additional evidence and taken no testimony during that testimony period. On August 28, 2013, applicant filed the motion to dismiss.

In its brief on the motion to dismiss, applicant, for purposes of the motion only, does not challenge opposer's standing and priority.[3] However, applicant contends that opposer's registration does not make a *prima facie* showing that opposer is entitled to any relief. In particular, with regard to opposer's Section 2(d) claim, applicant notes that the marks at issue "are distinctly different," in that the SKIN and SWISS components of the respective marks give them entirely different meanings and commercial impressions. Accordingly, applicant asks that judgment be entered against opposer under Rule 2.132(b), and that the opposition be dismissed.

In response, opposer contends that the USPTO records it introduced support a *prima facie* case of likelihood of confusion. In particular, opposer contends, among other things, that the marks at issue both refer to the Swiss origin of the goods at issue in that the "i" in opposer's registered mark is dotted with a "square containing an equilateral cross (or 'plus' sign) in the center which

---

[3] While not raised by applicant's motion, we note that opposer's proof of its pleaded registration, as indicated by the copy of that registration which was obtained from the USPTO's TARR database on the filing date of the notice of opposition, and applicant's effective admission of opposer's ownership of that registration, is sufficient to establish opposer's standing and would remove priority as an issue at final hearing. *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842 (Fed. Cir. 2000); *King Candy Co. v. Eunice King's Kitchen, Inc.*, 182 USPQ 108 (CCPA 1974); Trademark Rule 2.122(d)(1).

[opposer claims] is an obvious representation of the square-shaped flag of Switzerland," while SWISS forms part of applicant's mark. Opposer further contends that the word portions of the marks at issue are similar; and that the marks at issue are for "topical products that are applied to the skin." Accordingly, opposer asks that the Board deny applicant's motion and allow the case to proceed.

In reply, applicant contends that there is no evidence supporting opposer's assertions that the "plus sign" element of opposer's pleaded registered mark is "an obvious representation of the square-shaped flag of Switzerland" or that consumers would understand that element to connote such a representation. Applicant further contends that marks that comprise flags of nations are unregistrable; and that opposer's pleaded registration does not include a description which states that the mark includes a representation of the flag of Switzerland.[4]

---

[4] Applicant also asserts that registration of a mark that includes the flag of Switzerland is in contravention of 18 U.S.C. Section 708 set forth below:

> Whoever ... willfully uses as a trade mark, commercial label, or portion thereof, or as an advertisement or insignia for any business or organization or for any trade or commercial purpose, the coat of arms of the Swiss Confederation, consisting of an upright white cross with equal arms and lines on a red ground, or any simulation thereof, shall be fined under this title or imprisoned not more than six months, or both.

Pursuant to Trademark Rule 2.132(b), a defendant may file a motion for judgment directed to the sufficiency of a plaintiff's trial evidence when the plaintiff's testimony period has passed, and the plaintiff has offered no evidence other than a copy or copies of USPTO records. Such records typically include copies of a plaintiff's pleaded registration(s) prepared and issued by the USPTO showing status and title thereof, or copies thereof, or a current printout obtained from the USPTO database records showing status and title of the registration(s).  In such a situation, the defendant may, without waiving its right to offer evidence in the event the motion is denied, move for dismissal on the ground that upon the law and the facts the plaintiff has shown no right to relief.  *See* TBMP Section

However, the protection afforded by this provision is limited to "the coat of arms of the Swiss Confederation" and does not extend to representations of the Swiss flag. The Swiss coat of arms and the Swiss flag are distinguishable in that the Swiss coat of arms consists of a white equilateral cross displayed upright on a red triangular shield, while the Swiss flag consists of a white equilateral cross displayed upright on a red square.  TMEP Section 1205.01(d) (October 2013) (citing Swiss Fed. Inst. of Intellectual Prop., *Frequently Asked Questions – Legislative Amendment "Swissness,"* https://www.ige.ch/en/service/frequently-asked-questions/legislative-amendment-swissness/a-swiss-cross-and-the-swiss-coat-of-arms.html (accessed Aug. 15, 2012); Britannica.com, *Switzerland, flag of,* http://www.britannica.com/EBchecked/topic/1355532/Switzerland-flag-of/ (accessed Aug. 15, 2012); Cent. Intelligence Agency, The World Factbook, *Switzerland*, https://www.cia.gov/library/publications/the-world-factbook/flags/flagtemplate_sz.html (accessed Aug. 15, 2012)).

534 (3d ed. rev.2 2013). In deciding a Rule 2.132(b) motion, the Board may either render judgment against the plaintiff and dismiss the case, or decline to render judgment until all of the evidence is in the record and then decide the case on its merits. The purpose of the motion under Rule 2.132(b) is to save the defendant the time and expense of continuing with the trial in those cases where plaintiff, during its testimony period, has offered no evidence other than copies of USPTO records, and those records do not set forth a *prima facie* case.

The question we must resolve is whether opposer's registration is sufficient evidence to establish a *prima facie* case of likelihood of confusion such that the burden shifts to applicant to present evidence to the contrary. If so, then remaining trial dates shall be reset.

A determination under Section 2(d) is based on an analysis of all of the probative facts in evidence that are relevant to the factors bearing on the issue of likelihood of confusion. *In re E. I. du Pont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563, 567 (CCPA 1973). *See also In re Majestic Distilling Company, Inc.,* 315 F.3d 1311, 65 USPQ2d 1201, 1203 (Fed. Cir. 2003). Therefore, our assessment of whether opposer has made a prima facie case for likelihood of confusion will consider the same factors. In any

7

likelihood of confusion analysis, two key considerations are the similarities between the marks and the similarities between the goods. *See Federated Foods, Inc. v. Fort Howard Paper Co.,* 544 F.2d 1098, 192 USPQ 24, 29 (CCPA 1976) ("The fundamental inquiry mandated by §2(d) goes to the cumulative effect of differences in the essential characteristics of the goods and differences in the marks."). In this case, we find the pleaded and proven registration is sufficient to support a *prima facie* case of likelihood of confusion based on these two factors.

The goods at issue are legally identical in that both marks are for "soap[s]" and "cosmetics." Although the goods in opposer's registration are limited to "soaps [and] cosmetics, all adapted for use on the skin and the scalp," applicant's identified goods contain no such limitation. Accordingly, the Board must presume that applicant's goods encompass all goods of the type identified, including "soaps [and] cosmetics, all adapted for use on the skin and the scalp," and that they are or will be sold in all normal channels of trade and to all of the usual customers for such goods. *Octocom Sys. Inc. v. Houston Computers Servs. Inc.*, 918 F.2d 937, 16 USPQ2d 1783, 1787 (Fed. Cir. 1990); *In re Elbaum*, 211 USPQ 639, 640 (TTAB 1981). Although applicant has identified additional goods in its involved

application, likelihood of confusion must be found if there is likely to be confusion with respect to any item that comes within the identification of goods in the application. *See Tuxedo Monopoly, Inc. v. General Mills Fun Group,* 648 F.2d 1335, 209 USPQ 986, 988 (CCPA 1981).

As to the similarity or dissimilarity of the marks, we compare the marks in their entireties as to appearance, sound, connotation and commercial impression. *In re E. I. du Pont De Nemours & Co., supra at* 567. In a particular case, any one of these means of comparison may be critical in finding the marks to be similar. *In re White Swan Ltd.,* 8 USPQ2d 1534, 1535 (TTAB 1988); *In re Lamson Oil Co.,* 6 USPQ2d 1041, 1042 (TTAB 1987); *see also Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) ("We agree with the Board that these distinct commercial impressions outweigh the similarities in sound and appearance"). Because some of the goods are legally identical, the degree of similarity of the marks necessary to find likelihood of confusion need not be as great as where there are recognizable differences between the goods. *Century 21 Real Estate Corp. v. Century Life of America,* 970 F.2d 874, 23 USPQ2d 1698, 1700 (Fed. Cir. 1992); *Jansen Enterprises Inc. v. Rind,* 85 USPQ2d

1104, 1108 (TTAB 2007); *Schering-Plough HealthCare Products Inc. v. Ing-Jing Huang,* 84 USPQ2d 1323, 1325 (TTAB 2007).

The word portions of the marks at issue are similar in appearance and commercial impression in that they both include two-syllable words that begin with the letter S, have soft "I" vowel sounds in the first syllable, and include CODE as the second syllable.  Moreover, in opposer's mark, the word portion, rather than the design elements, is the dominant element in creating the commercial impression of that mark, because it is most likely to be impressed upon purchasers' memories and to be used in calling for the goods.  *See Herbko International, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 64 USPQ2d 1375 (Fed. Cir. 2002) (words are dominant portion of mark); *In re Dakin's Miniatures, Inc.*, 59 USPQ2d 1593, 1596 (TTAB 1999); *Ceccato v. Manifatura Lane Gaetano Marzetto & Figli S.p.A.*, 32 USPQ2d 1192 (TTAB 1994) (literal portion of mark makes greater and long lasting impression).  In addition, applicant's involved mark is in standard character form and is therefore "not limited to the mark depicted in any special form."  *Phillips Petroleum v. C.J. Webb,* 442 F.2d 1376, 170 USPQ 35, 36 (CCPA 1971).  Accordingly, we must consider all manners in which the SWISSCODE mark could be depicted, including in the stylized font shown in opposer's

pleaded registration. *See Citigroup Inc. v. Capital City Bank Group Inc.*, 637 F.3d 1344, 98 USPQ2d 1253, 1258 (Fed. Cir. 2011).

Finally, while the mark in opposer's registration does not include a color claim, the cross design element in the letter "I" arguably could – though we do not now so rule – connote or suggest Swiss origin, the same connotation engendered by applicant's SWISSCODE mark.[5]

In addition to finding that it is premature to make a final ruling on connotation of the marks, we also find it premature to decide whether the suffix CODE is or is not the dominant element in the marks.

In view of the actual and presumptive similarities of the marks at issue, and the partially identical goods, we find that opposer has at least made a *prima facie* case of likelihood of confusion with regard to the pleaded registered mark that dismissal of the opposition is therefore unwarranted. *Compare Merker Counter Co., Inc. v. Central Counter Co.*, 310 F.2d 746, 135 USPQ 433, 434-35

---

[5] To the extent applicant's argument regarding the possible connotation of the Swiss flag implicates the propriety of the registration, such argument is an impermissible collateral attack. See Trademark Rule 2.106(b)(2) and TBMP Section 313. To the extent applicant's argument is merely that we may not consider such connotation, it is unavailing. *See* TMEP Section 1204.01(b). We do not reach the issue here, but may yet find that opposer's mark includes a "Swiss" connotation, without finding the mark in violation of Section 2(b).

(CCPA 1962) (Rule 2.132(b) motion denied on Section 2(d) claim alleging likelihood of confusion beween MEL-O-TOP and MELOFLEX used on identical goods), *with Syntex (U.S.A.) Inc. v. E.R. Squibb & Sons Inc.*, 14 USPQ2d 1879, 1880 (TTAB 1990) (Rule 2.132(b) motion granted where marks not identical and the relationship, if any, between the parties' goods not apparent from the face of pleaded registration).

However, opposer's Section 2(d) claim is dismissed with prejudice to the extent that it is based on opposer's asserted but unproven common law rights in the pleaded SKINCODE mark.  Likewise, in view of opposer's failure to submit any evidence of the fame of its pleaded SKINCODE 2 and design mark, opposer's pleaded dilution claim is dismissed with prejudice.  *See Toro Co. v. Torohead, Inc.*, 61 USPQ2d 1164 (TTAB 2001).

The motion to dismiss under Trademark Rule 2.132(b) otherwise is denied.  Of course, the *prima facie* case of likelihood of confusion established by opposer's registration of record is subject to introduction of countervailing evidence by applicant during its testimony

period inasmuch as the burden of producing evidence to the contrary has now shifted to applicant.[6]

Proceedings herein are resumed. Remaining dates are reset as follows:

| | |
|---|---|
| Defendant's Pretrial Disclosures Due | 1/16/2014 |
| Defendant's 30-day Trial Period Ends | 3/2/2014 |
| Plaintiff's Rebuttal Disclosures Due | 3/17/2014 |
| Plaintiff's 15-day Rebuttal Period Ends | 4/16/2014 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

If either of the parties or their attorneys should have a change of address, the Board should be so informed promptly.

---

[6] Opposer may not make of record during its rebuttal testimony period evidence that should have been part of its case in chief; in the event that applicant submits evidence during its trial period, any rebuttal evidence submitted by opposer must be confined to that which denies, explains or discredits applicant's case. *See Wet Seal Inc. v. FD Management Inc.*, 82 USPQ2d 1629 (TTAB 2007); *The Ritz Hotel Limited v. Ritz Closet Seat Corp.*, 17 USPQ2d 1466 (TTAB 1990).